2022-CC10591

## IN THE CIRCUIT COURT OF ST. LOUIS CITY
### STATE OF MISSOURI

FONTANIA LAWRENCE,                                     )
                                                        )
                                                        )
    Plaintiff                                   )
                                                        )
    vs.                                         )
                                                        )   Cause No.:
FAIRFIELD PROCESSING CORPORATION;                       )
<u>Serve Registered Agent</u>:                                )
    Sanford D. Kaufman                          )
    301 Main Street, Third Floor                )   **<u>PLAINTIFF DEMANDS TRIAL</u>**
    Danbury CT, 06810                           )   **<u>BY JURY ON ALL COUNTS</u>**
&                                                       )
                                                        )
VENTURE EXPRESS, INC.                                   )
<u>Serve Registered Agent</u>:                                )
    Shawn Applegate                             )
    131 Industrial Blvd.                        )
    La Vergne, TN 37086                         )
                                                        )
    Defendants.                                 )

### <u>PETITION</u>

COMES NOW Plaintiff Fontania Lawrence ("Plaintiff") by and through by and through

her attorneys of record and pursuant to the Missouri Supreme Court Rules and Rules of Civil

Procedure, and for her Petition against Defendant Fairfield Processing Corporation ("Fairfield"),

and Venture Ex ("Axiom Equities") and Defendant Venture Express, Inc. ("Venture"), and states

to this Honorable Court as follows:

### <u>FACTS COMMON TO ALL COUNTS</u>

1.      Plaintiff is an individual, citizen, and resident of Missouri.

2.      Fairfield is a foreign corporation organized in the state of Connecticut and based

upon information and belief Fairfield's principal place of business is in the State of Missouri.



3.      Fairfield may be served through its registered agent, Sanford D. Kaufman at 301 Main Street, Third Floor, Danbury CT, 06810.

4.      Venture is a foreign corporation organized in the state of Tennessee with its principal place of business in the state of Tennessee.

5.      Venture may be served through its registered agent, Shawn Applegate at 131 Industrial Blvd. La Vergne, TN 37086.

6.      The incident alleged herein occurred on or about December 19, 2019 at between 1:00 p.m. and 2:00 p.m. in the loading dock of the premises owned and operated by Fairfield located at 6432 Prescott Avenue, St. Louis, Missouri ("Premises").

7.      As a corporation, Fairfield acts through its officers, agents, servants, and/or employees. Thus, any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of Fairfield.

8.      At all times herein mentioned and at the time of this crash, Fairfield was acting individually and through its agents, servants, and/or employees, whom were acting within the course and scope of their employment with Fairfield at the time of the incident alleged herein.

9.      Venture is a corporation involved in interstate commerce, and did and does at all times alleged herein avail itself to the benefits of the State of Missouri's highways and roadways to conduct interstate commerce.

10.     As a corporation Venture acts through its officers, agents, servants, and/or employees. Thus, any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of Venture.

2

11.     At all times herein mentioned and at the time of this crash, Venture was acting individually and through its agent, servant, and/or employee, whom was acting within the course and scope of his employment with Venture at the time of the incident alleged herein.

12.     Venue is proper with this Court pursuant to RSMo. § 508.010 since the negligent actions and omissions alleged herein occurred within St. Louis City, State of Missouri.

13.     This Court has subject matter jurisdiction over this action since the incident alleged herein occurred in St. Louis City, State of Missouri.

14.     On December 19, 2019, Fairfield owned or controlled the management of 6432 Prescott Ave.; St. Louis, Missouri 643147 ("Premises").

15.     At all times alleged herein Plaintiff was working on said premises as an employee for ProLogistix.

16.     At said date and time, Plaintiff was attempting to disconnect a ramp attaching a commercial vehicle owned by Venture from the loading dock attached to Premises.

17.     As Plaintiff attempted to disconnect said ramp, she maintained one foot in the trailer attached to Venture's vehicle and the other on the dock.

18.     As Plaintiff attempted to disconnect the ramp, the driver of said commercial vehicle, and employee of Venture, ("Driver") became distracted and failed to notice that the ramp remained attached and that Plaintiff was still partially inside the vehicle.

19.     Driver then pulled away from said dock forcing Plaintiff to leap to safety to avoid falling into the gap between the truck and the dock.

20.     No employee of Fairfield attempted to warn Driver that Plaintiff stood partially within the trailer.

3

21.     At no point did any employee of Fairfield attempt to stop Driver from pulling away from the dock.

22.     At no point before Driver pulled away did any employee of Fairfield attempt to warn Plaintiff of the movement of the tractor trailer and/or the hazardous condition being created.

23.     As Plaintiff leaped from the truck to the dock, she landed hyperextending her left knee and pulling and tearing the ligaments and tendons attached thereto.

24.     As a direct result of one or more of Defendants' failures Plaintiff sustained damages.

25.     That as a direct and proximate result of Defendants' negligence alleged herein, Plaintiff, was caused to suffer serious, permanent, and disabling injuries to her left leg, knee, and the ligaments, muscles, and tendons attached thereto.

26.     That as a direct and proximate result of the aforesaid negligent acts and omissions of the Defendants, Plaintiff has incurred past medical expenses in excess of $40,000.00.

27.     Plaintiff will incur further medical expenses in the future.

28.     That Plaintiff has been caused to suffer painful, permanent and disabling injuries to the aforementioned areas of her body and will continue to suffer from these painful, permanent and disabling injuries in the future as a result of the fall as alleged herein and will need to undergo medical treatment in the future.

29.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff's activities and her enjoyment of life has been limited.

30.     That as a direct and proximate cause of the aforesaid negligence of Defendants, Plaintiff required surgical intervention.

31.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has incurred scarring and disfigurement.

32.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has lost past wages.

33.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff will suffer future loss of wages.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

**COUNT I**
**NEGLIGENCE**
**AGAINST DEFENDANTS VENTURE EXPRESS, INC.**

COMES NOW Plaintiff, and for Count I of her Petition restates, realleges, and incorporates by reference Paragraphs 1-33 above and in addition thereto states to the Court as follows:

34.     That the time of the incident and at all times alleged herein, Driver was acting in the course and scope of his employment with Venture.  Thus, at the time of the crash alleged herein Driver was an agent, servant, and/or employee of Venture and as such, Venture is vicariously liable for the actions and omissions of Driver, its agent, servant, and/or employee.

35.     At the time of this crash, Driver was an agent, servant and/or employee under the control, right of control, joint and mutual control, or joint and mutual right of control of Venture and as such all of the acts of negligence on his part were committed within the course and scope of his agency and employment with Venture.

36.     At the time of the incident alleged herein, Venture, through its agents, servants, and employees including, but not limited to Driver were negligent, careless, and breached their duty of care to the general public and Plaintiff on the date alleged herein in one or more of the following respects:

    a.   Failed to have the motor vehicle under proper control;

    b.   Failed to keep a proper lookout and pay attention;

    c.   Operated the tractor while distracted, tired or fatigued;

    d.   Operated the tractor without adequate training, experience, or qualifications;

    e.   Drove while under the influence of alcohol and/or drugs;

    f.   Failing to exercise the highest degree of care under the circumstances.

37.     Each of the negligent acts or omissions by Venture, as alleged herein was a direct and proximate cause of the incident and the resulting injuries and damages to Plaintiff.

38.     The actions of Venture as alleged herein showed a complete indifference to or conscious disregard for the safety of Plaintiff and other human beings.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

## COUNT II
## NEGLIGENCE
## AGAINST DEFENDANTS FAIRFIELD PROCESSING.

COMES NOW Plaintiff, and for Count II of her Petition restates, realleges, and incorporates by reference Paragraphs 1-33 above and in addition thereto states to the Court as follows:

39. On February 17, 2019, Fairfield owned, controlled, or possessed Premises where Plaintiff worked as an independent contractor.

40. That at the time of the incident and at all times alleged herein, Fairfield oversaw the work of contracted temporary employees such as Plaintiff and held a responsibility to maintain a reasonably safe working environment.

41. That at the time of this incident, Fairfield, through its agents, servants, and employees:

   a. Failed to adopt or implement policies, procedures, or standing orders to avoid injuries while loading or unloading tractor-trailers in the loading dock.

42. In the alternative to and/or in addition to the allegations of paragraph 40, Fairfield:

   a. Failed to notify its employees, agents, or contractors, of any policies, procedures, or standing orders to avoid injuries while loading or unloading tractor-trailers in the loading dock;

   b. Failed to properly supervise its employees, agents, or contractors working on the loading dock;

   c. Failed to properly train its employees, agents, or contractors regarding any policies, procedures, or standing orders set in place to avoid injuries while loading or unloading tractor-trailers in the loading dock;

   d. Failed to notify Driver before he pulled away from the dock that Plaintiff was still inside the trailer; and

   e. Failed to warn Plaintiff that Driver was pulling away from the dock.

7

43.     That such failures and omissions created a foreseeable likelihood of a harm or injury.

44.      That in so doing, Fairfield was thereby negligent.

45.     That as a direct and proximate result of such negligence, Plaintiff sustained the damages alleged above.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

Respectfully Submitted,

**THE CAGLE LAW FIRM**

By _____

**John S. Appelbaum, Jr., MO#71766**
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-mail: john@caglellc.com
*Attorneys for Plaintiff*



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number:  2022-CC10591 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S  APPELBAUM<br>105 FOREST GLADE | Special Process Server 2 |
| vs. | IMPERIAL, MO  63052 | Special Process Server 3 |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORP | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | SAINT LOUIS, MO  63101 | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

 The State of Missouri to:   **FAIRFIELD PROCESSING CORP**
 Alias:

**C/O SANFORD D KAUFMAN RAGT**
**301 MAIN STREET 3RD FLOOR**
**DANBURY, CT  06810**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**December 29, 2020**

*CITY OF ST LOUIS*

_____          _____
Date                                                      Clerk
Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   - [ ] delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   - [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - [ ] other: _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one)
- [ ] the clerk of the court of which affiant is an officer.
- [ ] the judge of the court of which affiant is an officer.
- [ ] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- [ ] authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC10591 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S APPELBAUM<br>105 FOREST GLADE<br>IMPERIAL, MO 63052 | Special Process Server 2<br><br>Special Process Server 3 |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORP | vs. | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   VENTURE EXPRESS, INC.
**Alias:**

C/O SHAWN APPLEGATE RAGT
131 INDUSTRIAL BLVD
LA VERGNE, TN 37086

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**December 29, 2020**

_____
Date

_____
Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| **Service Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 2022-CC10591 |
| vs. | ) | |
| | ) | Division: |
| FAIRFIELD PROCESSING CORPORATION | ) | |
| | ) | **Plaintiff Demands Jury Tria** |
| | ) | **On All Counts** |
| | ) | |
| And | ) | |
| | ) | |
| VENTURE EXPRESS, INC. | ) | |
| Defendants. | ) | |
| | ) | |

## **REQUEST FOR ALIAS SUMMONS**

COMES NOW Plaintiff Fontania Lawrence, by and through her attorneys of record, The Cagle Law Firm, and requests an alias summons be issued on Defendants Fairfield Processing Corporation to Sanford D. Kaufman at 301 Main Street, Third Floor, Danbury CT, 06810, and Venture Express, Inc. to Shawn Applegate at 131 Industrial Blvd., La Vergne, TN 37086.

Respectfully Submitted,

**THE CAGLE LAW FIRM, LLC**

By_____
**John S. Appelbaum Jr., MO #71766**
john@caglellc.com
500 North Broadway, Ste. 1605
St. Louis, MO  63102
Phone: (314) 241-1700
Fax: (314) 241-1738
*Attorneys for Plaintiff*

1



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2022-CC10591 |
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S  APPELBAUM<br>105 FOREST GLADE<br>IMPERIAL, MO 63052 |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## ALIAS Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:    VENTURE EXPRESS, INC.
                         Alias:

C/O SHAWN APPLEGATE RAGT
131 INDUSTRIAL BLVD
LA VERGNE, TN  37086

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**January 28, 2021**

_____    _____
Date                                         Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
☐  delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐  leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐  (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐  other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Subscribed and sworn to before me this _____ (day) _____ (month) _____ (year).**
I am: (check one) ☐  the clerk of the court of which affiant is an officer.
                 ☐  the judge of the court of which affiant is an officer.
                 ☐  authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                 ☐  authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2022-CC10591 | |
|---|---|---|
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S  APPELBAUM<br>105 FOREST GLADE<br>IMPERIAL, MO  63052 | |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

## ALIAS Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:    FAIRFIELD PROCESSING CORPORATION
Alias:

**C/O SANFORD D KAUFMAN RAGT**
**301 MAIN STREET 3RD FLOOR**
**DANBURY, CT  06810**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**January 28, 2021**

_____     _____
Date                                              Clerk

*CITY OF ST LOUIS*

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server
**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                              ☐ the judge of the court of which affiant is an officer.
*(Seal)*                    ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                              ☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

| **Service Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - City of St. Louis - January 29, 2021 - 09:48 AM

In the

# CIRCUIT COURT
## City of St. Louis, Missouri

FONTANIA LAWRENCE
_____
Plaintiff/Petitioner

vs.

FAIRFIELD PROCESSING CORPORATION, Et. Al.
_____
Defendant/Respondent

1/29/2021
_____
Date

2022-CC10591
_____
Case number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff Fontania Lawrence                                              , pursuant

Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

Wyman Tracy Kroft            1669 Jefferson Street                    816.842.9800
Name of Process Server       Address                                 Telephone
Eric Rubin                   1669 Jefferson Street                    816.842.9800
Name of Process Server       Address                                 Telephone

Name of Process Server       Address                                 Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE:                                       SERVE:
Fairfield Processing Corporation,            Venture Express, Inc.
Name                                         Name
301 Main Street, Third Floor,                131 Industrial Blvd.,
Address                                      Address
Danbury CT, 06810                            La Vergne, TN 37086.
City/State/Zip                               City/State/Zip

SERVE:                                       SERVE:
Name                                         Name

Address                                      Address

City/State/Zip                               City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By_____                   John S. Appelbaum Jr.,
   Deputy Clerk                              Attorney/Plaintiff/Petitioner
                                             MO #71766
   2-4-21                                    Bar No.
_____                      500 North Broadway, Ste. 1605 St. Louis, MO  6
Date                                         Address
                                             (314) 241-1700
                                             Phone No.

## In the
# CIRCUIT COURT
## City of St. Louis, Missouri

FONTANIA LAWRENCE
_____
Plaintiff/Petitioner

vs.

FAIRFIELD PROCESSING CORPORATION, Et. Al.
_____
Defendant/Respondent

For File Stamp Only

1/29/2021
_____
Date

2022-CC10591
_____
Case number

_____
Division

# REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff Fontania Lawrence _____, pursuant
Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

| Wyman Tracy Kroft | 1669 Jefferson Street | 816.842.9800 |
|---|---|---|
| Name of Process Server | Address | Telephone |
| Eric Rubin | 1669 Jefferson Street | 816.842.9800 |
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Fairfield Processing Corporation,
_____
Name
301 Main Street, Third Floor,
_____
Address
Danbury CT, 06810
_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

SERVE:
Venture Express, Inc.
_____
Name
131 Industrial Blvd.,
_____
Address
La Vergne, TN 37086.
_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

## Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By_____
   Deputy Clerk

_____
Date

John S. Appelbaum Jr.,
_____
Attorney/Plaintiff/Petitioner
MO #71766
_____
Bar No.
500 North Broadway, Ste. 1605 St. Louis, MO  6
_____
Address
(314) 241-1700
_____
Phone No.

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

# AFFIDAVIT OF SERVICE

**State of Missouri**          **County of Saint Louis (City)**          **Circuit Court**

Case Number: 2022-CC10591

Plaintiff/Petitioner:
**FONTANIA LAWRENCE**
vs.
Defendant/Respondent:
**FAIRFIELD PROCESSING CORPORATION, et al.**

Received by HPS Process Service & Investigations to be served on Fairfield Processing Corporation, c/o Sanford
D. Kaufman, Registered Agent, 301 Main Street, 3rd Floor, Danbury, CT 06810. I, _Eric
Kuhin_, being duly sworn, depose and say that on the _16th_ day of _February_, 20 _21_ at
_10:10_ .m., executed service by delivering a true copy of the Alias Summons for Personal Service Outside the
State of Missouri (Except Attachment Action) Petition; and Request for Appointment of Process Server in
accordance with state statutes in the manner marked below:

( ) REGISTERED AGENT SERVICE: By serving _____
as _____ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

(X) CORPORATE SERVICE: By serving _Daniela Marquard_
as _Legal Assistant/Authorized_ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in
which this service was made.

Subscribed and Sworn to before me on the _17th_ day
of _February_, _2021_ by the affiant who is
personally known to me.

_Amy Chantry_
NOTARY PUBLIC

AMY J. CHANTRY
*NOTARY PUBLIC*
MY COMMISSION EXPIRES 3/31/2023

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: 2021003292

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1t



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2022-CC10591 | |
|---|---|---|
| Plaintiff's/Petitioner:<br>FONTANIA LAWRENCE | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S APPELBAUM<br>105 FOREST GLADE<br>IMPERIAL, MO 63052 | |
| vs. | | |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORPORATION | Court Address:<br>CIVIL COURTS BUILDING | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | 10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |

## ALIAS Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:    FAIRFIELD PROCESSING CORPORATION
                                                Alias:
C/O SANFORD D KAUFMAN RAGT
301 MAIN STREET 3RD FLOOR
DANBURY, CT 06810

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**CITY OF ST LOUIS**

January 28, 2021
_____          _____ _Thomas Kloppinger_____
                    Date                                                            Clerk
Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Process Sewer_____ of _Hartford_____ County, _Connecticut_ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _Daniela Macquan_ (name) _Legal Assistant Authorized_ (title).
   ☐ other:_____

Served at _301 Main Street 3rd Floor, Danbury, CT 06810_ (address)
in _Hartford_____ County, _Connecticut_ (state), on _02/16/2021_ (date) at _10:10 AM_ (time).

_Eva Rubin_____          _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Subscribed and sworn to before me this** _17th_ (day) _February_ (month) _2021_ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                            ☐ the judge of the court of which affiant is an officer.
(Seal)               ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                            ☐ authorized to administer oaths. (use for court-appointed server)
                                                                    _____
                                                                    Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

See the following page for directions to officer making return on service of summons.

## AFFIDAVIT OF SERVICE

**State of Missouri**                **County of Saint Louis (City)**                      **Circuit Court**

Case Number: 2022-CC10591

Plaintiff/Petitioner:
**FONTANIA LAWRENCE**
vs.
Defendant/Respondent:
**FAIRFIELD PROCESSING CORPORATION, et al.**

Received by HPS Process Service & Investigations to be served on **Fairfield Processing Corporation, c/o Sanford D. Kaufman, Registered Agent, 301 Main Street, 3rd Floor, Danbury, CT 06810**. I, _Eric Rubin_ , being duly sworn, depose and say that on the _16th_ day of _February_ , _2021_ at _10:10_ .m., executed service by delivering a true copy of the Alias Summons for Personal Service Outside the State of Missouri (Except Attachment Action) Petition; and Request for Appointment of Process Server in accordance with state statutes in the manner marked below:

( ) REGISTERED AGENT SERVICE: By serving _____
as _____ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

(X) CORPORATE SERVICE: By serving _Daniela Macquard_
as _Legal Assistant/Authorized_ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _17th_ day
of _February_ , _2021_ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

AMY J. CHANTRY
*NOTARY PUBLIC*
MY COMMISSION EXPIRES 3/31/2023

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
www.hpsprocess.com
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: 2021003292

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1t



## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2022-CC10591 | |
|---|---|---|
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S APPELBAUM<br>105 FOREST GLADE<br>IMPERIAL, MO 63052 | |
| vs. | | |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

## ALIAS Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   **FAIRFIELD PROCESSING CORPORATION**
**Alias:**
C/O SANFORD D KAUFMAN RAGT
301 MAIN STREET 3RD FLOOR
DANBURY, CT  06810

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____January 28, 2021_____   _____*Thomas Kloeppinger*_____
Date                                    Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Process Sewer_ of _Hartford_ County, _Connecticut_ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _Daniela Marquard_ (name) _Legal Assistant Authorized_ (title).
   ☐ other: _____

Served at _301 Main Street, 3rd Floor, Danbury, CT 06810_ (address)
in _Hartford_ County, _Connecticut_ (state), on _02/16/2021_ (date) at _10:10 AM_ (time).

_Eva Rubin_
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn to** before me this _17th_ (day) _February_ (month) _2021_ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_Process Server_
Signature and Title

| Service Fees | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

See the following page for directions to officer making return on service of summons.

In the
# CIRCUIT COURT
## City of St. Louis, Missouri

For File Stamp Only

FONTANIA LAWRENCE
_____
Plaintiff/Petitioner

1/29/2021
_____
Date

vs.

2022-CC10591
_____
Case number

FAIRFIELD PROCESSING CORPORATION, Et. Al.
_____
Defendant/Respondent

_____
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff Fontania Lawrence _____ , pursuant
Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

| | | |
|---|---|---|
| Wyman Tracy Kroft | 1669 Jefferson Street | 816.842.9800 |
| Name of Process Server | Address | Telephone |
| Eric Rubin | 1669 Jefferson Street | 816.842.9800 |
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:                                    SERVE:
Venture Express, Inc.
_____          _____
Name                                     Name
304 Robert Rose Dr.
_____          _____
Address                                  Address
Murfreesboro, TN 37129
_____          _____
City/State/Zip                           City/State/Zip

SERVE:                                    SERVE:

_____          _____
Name                                     Name

_____          _____
Address                                  Address

_____          _____
City/State/Zip                           City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

John S. Appelbaum Jr.,
_____
Attorney/Plaintiff/Petitioner
MO #71766

By_____
Deputy Clerk

Bar No.
500 North Broadway, Ste. 1605 St. Louis, MO 6
_____
Address

_____          (314) 241-1700
Date                                     Phone No.

**RULE 14 SPECIAL PROCESS SERVERS**

1.  Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2.  Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

    a.  Is twenty-one years of age or older;

    b.  Has a high school diploma or an equivalent level of education;

    c.  Has insurance coverage for any errors or omissions occurring in the service of process;

    d.  Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

    e.  Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3.  Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4.  The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5.  A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6.  A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 2022-CC10591 |
| vs. | ) | |
| | ) | Division: |
| FAIRFIELD PROCESSING CORPORATION | ) | |
| | ) | **Plaintiff Demands Jury Tria** |
| | ) | **On All Counts** |
| | ) | |
| And | ) | |
| | ) | |
| VENTURE EXPRESS, INC. | ) | |
| Defendants. | ) | |

## **REQUEST FOR ALIAS SUMMONS**

COMES NOW Plaintiff Fontania Lawrence, by and through her attorneys of record, The Cagle Law Firm, and requests an alias summons be issued on Defendant Venture Express, Inc. to Shawn Applegate at 304 Robert Rose Dr., Murfreesboro, TN 37129**.**

Respectfully Submitted,

**THE CAGLE LAW FIRM, LLC**

By _____
**John S. Appelbaum Jr., MO #71766**
john@caglellc.com
500 North Broadway, Ste. 1605
St. Louis, MO  63102
Phone: (314) 241-1700
Fax: (314) 241-1738
*Attorneys for Plaintiff*

1

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 2022-CC10591 |
| vs. | ) | |
| | ) | Division: |
| FAIRFIELD PROCESSING CORPORATION | ) | |
| Et. Al. | ) | |
| | ) | |
| Defendants. | ) | |

## RULE 67.02(a) DISMISSAL OF VENTURE EXPRESS INC. WITHOUT PREJUDICE

COMES NOW Plaintiff by and through her attorneys of record and dismisses only Defendant Venture Express Inc., *without* prejudice pursuant to Rule 67.02(a). Said dismissal in no way impacts allegations against Venture Express LLC or Fairfield Processing.

Respectfully Submitted,

**THE CAGLE LAW FIRM, LLC**

By_____
**John S. Appelbaum Jr., MO #71766**
john@caglellc.com
500 North Broadway, Ste. 1605
St. Louis, MO  63102
Phone: (314) 241-1700
Fax: (314) 241-1738
*Attorneys for Plaintiff*

1

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                          )
                                            )
        Plaintiff                           )
                                            )
    vs.                                     )
                                            )        Cause No.: 2022-CC10591
FAIRFIELD PROCESSING CORPORATION;           )
                                            )
&                                           )
                                            )
VENTURE EXPRESS, INC.                       )
        Defendants.                         )

## AFFIDAVIT OF SHAWN APPLEGATE

I, Shawn Applegate being first duly sworn and upon my oath, state and swear as follows:

1.    I am over eighteen years of age, I am competent to testify, of sound mind, and I have personal knowledge of the facts stated in this Affidavit.

2.    I am the chief legal officer and general counsel for Venture Express, Inc.

3.    Upon review of said records and investigation, I have determined that to the best of my knowledge and belief that on December 19, 2019:

    a.    Venture Express Inc. had no company trucks travelling to the city limits of St. Louis, Missouri with the city limits of St. Louis, Missouri as its final destination;

    b.    Venture Express Inc. had no company drivers travelling to the city limits of St. Louis, Missouri with the city limits of St. Louis, Missouri as his/her final destination;

    c.    Venture Express Inc. had no customers located in the city limits of St. Louis, Missouri; and

    d.    Venture Express Inc. has no relationship with Fairfield Processing which

might lead a truck owned by Venture Express Inc. and operated by one of its drivers to be
on the premises of Fairfield Processing on said date.

FURTHER AFFIANT SAITH NOT.

**SHAWN APPLEGATE**

SUBSCRIBED AND SWORN to before me on this *10* day of *March*, 2021.

Notary Public

My Commission Expires: *11/20/23*

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| FONTANIA LAWRENCE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) Cause No.: 2022-CC10591 |
| FAIRFIELD PROCESSING CORPORATION; | ) |
| Serve Registered Agent: | ) |
| Sanford D. Kaufman | ) **PLAINTIFF DEMANDS TRIAL** |
| 301 Main Street, Third Floor | ) **BY JURY ON ALL COUNTS** |
| Danbury CT, 06810 | ) |
| & | ) |
| | ) |
| VENTURE EXPRESS, LLC | ) |
| Serve Registered Agent: | ) |
| Dennis Rweikiza, | ) |
| 10211 E Countryside Cir. | ) |
| Wichita, KS 67207 | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED PETITION

COMES NOW Plaintiff Fontania Lawrence ("Plaintiff") by and through by and through her attorneys of record and pursuant to the Missouri Supreme Court Rules and Rules of Civil Procedure, and for her Petition against Defendant Fairfield Processing Corporation ("Fairfield"), and Defendant Venture Express, Inc. ("Venture"), and states to this Honorable Court as follows:

## FACTS COMMON TO ALL COUNTS

1.     Plaintiff is an individual, citizen, and resident of Missouri.

2.     Fairfield is a foreign corporation organized in the state of Connecticut and based upon information and belief Fairfield's principal place of business is in the State of Missouri.

3.     Fairfield may be served through its registered agent, Sanford D. Kaufman at 301 Main Street, Third Floor, Danbury CT, 06810.

1

4.     Venture is a foreign corporation organized in the state of Kansas with its principal place of business in the state of Kansas.

5.     Venture may be served through its registered agent, Dennis Rweikiza at 10211 E Countryside Cir. Wichita, KS 67207.

6.     The incident alleged herein occurred on or about December 19, 2019 at between 1:00 p.m. and 2:00 p.m. in the loading dock of the premises owned and operated by Fairfield located at 6432 Prescott Avenue, St. Louis, Missouri ("Premises").

7.     As a corporation, Fairfield acts through its officers, agents, servants, and/or employees. Thus, any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of Fairfield.

8.     At all times herein mentioned and at the time of this crash, Fairfield was acting individually and through its agents, servants, and/or employees, whom were acting within the course and scope of their employment with Fairfield at the time of the incident alleged herein.

9.     Venture is a corporation involved in interstate commerce, and did and does at all times alleged herein avail itself to the benefits of the State of Missouri's highways and roadways to conduct interstate commerce.

10.     As a corporation Venture acts through its officers, agents, servants, and/or employees. Thus, any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of Venture.

2

11.     At all times herein mentioned and at the time of this crash, Venture was acting individually and through its agent, servant, and/or employee, whom was acting within the course and scope of his employment with Venture at the time of the incident alleged herein.

12.     Venue is proper with this Court pursuant to RSMo. § 508.010 since the negligent actions and omissions alleged herein occurred within St. Louis City, State of Missouri.

13.     This Court has subject matter jurisdiction over this action since the incident alleged herein occurred in St. Louis City, State of Missouri.

14.     On December 19, 2019, Fairfield owned or controlled the management of 6432 Prescott Ave.; St. Louis, Missouri 643147 ("Premises").

15.     At all times alleged herein Plaintiff was working on said premises as an employee for ProLogistix.

16.     At said date and time, Plaintiff was attempting to disconnect a ramp attaching a commercial vehicle owned by Venture from the loading dock attached to Premises.

17.     As Plaintiff attempted to disconnect said ramp, she maintained one foot in the trailer attached to Venture's vehicle and the other on the dock.

18.     As Plaintiff attempted to disconnect the ramp, the driver of said commercial vehicle, and employee of Venture, ("Driver") became distracted and failed to notice that the ramp remained attached and that Plaintiff was still partially inside the vehicle.

19.      Driver then pulled away from said dock forcing Plaintiff to leap to safety to avoid falling into the gap between the truck and the dock.

20.     No employee of Fairfield attempted to warn Driver that Plaintiff stood partially within the trailer.

3

21.     At no point did any employee of Fairfield attempt to stop Driver from pulling away from the dock.

22.     At no point before Driver pulled away did any employee of Fairfield attempt to warn Plaintiff of the movement of the tractor trailer and/or the hazardous condition being created.

23.     As Plaintiff leaped from the truck to the dock, she landed hyperextending her left knee and pulling and tearing the ligaments and tendons attached thereto.

24.     As a direct result of one or more of Defendants' failures Plaintiff sustained damages.

25.     That as a direct and proximate result of Defendants' negligence alleged herein, Plaintiff, was caused to suffer serious, permanent, and disabling injuries to her left leg, knee, and the ligaments, muscles, and tendons attached thereto.

26.     That as a direct and proximate result of the aforesaid negligent acts and omissions of the Defendants, Plaintiff has incurred past medical expenses in excess of $40,000.00.

27.     Plaintiff will incur further medical expenses in the future.

28.     That Plaintiff has been caused to suffer painful, permanent and disabling injuries to the aforementioned areas of her body and will continue to suffer from these painful, permanent and disabling injuries in the future as a result of the fall as alleged herein and will need to undergo medical treatment in the future.

29.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff's activities and her enjoyment of life has been limited.

30.     That as a direct and proximate cause of the aforesaid negligence of Defendants, Plaintiff required surgical intervention.

4

31.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has incurred scarring and disfigurement.

32.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has lost past wages.

33.     That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff will suffer future loss of wages.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

**COUNT I**
**NEGLIGENCE**
**AGAINST DEFENDANTS VENTURE EXPRESS, INC.**

COMES NOW Plaintiff, and for Count I of her Petition restates, realleges, and incorporates by reference Paragraphs 1-33 above and in addition thereto states to the Court as follows:

34.     That the time of the incident and at all times alleged herein, Driver was acting in the course and scope of his employment with Venture.  Thus, at the time of the crash alleged herein Driver was an agent, servant, and/or employee of Venture and as such, Venture is vicariously liable for the actions and omissions of Driver, its agent, servant, and/or employee.

35.     At the time of this crash, Driver was an agent, servant and/or employee under the control, right of control, joint and mutual control, or joint and mutual right of control of Venture and as such all of the acts of negligence on his part were committed within the course and scope of his agency and employment with Venture.

36.     At the time of the incident alleged herein, Venture, through its agents, servants, and employees including, but not limited to Driver were negligent, careless, and breached their duty of care to the general public and Plaintiff on the date alleged herein in one or more of the following respects:

    a.  Failed to have the motor vehicle under proper control;

    b.  Failed to keep a proper lookout and pay attention;

    c.  Operated the tractor while distracted, tired or fatigued;

    d.  Operated the tractor without adequate training, experience, or qualifications;

    e.  Drove while under the influence of alcohol and/or drugs;

    f.  Failing to exercise the highest degree of care under the circumstances.

37.     Each of the negligent acts or omissions by Venture, as alleged herein was a direct and proximate cause of the incident and the resulting injuries and damages to Plaintiff.

38.     The actions of Venture as alleged herein showed a complete indifference to or conscious disregard for the safety of Plaintiff and other human beings.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

6

## COUNT II
## NEGLIGENCE
## AGAINST DEFENDANTS FAIRFIELD PROCESSING.

COMES NOW Plaintiff, and for Count II of her Petition restates, realleges, and incorporates by reference Paragraphs 1-33 above and in addition thereto states to the Court as follows:

39.     On February 17, 2019, Fairfield owned, controlled, or possessed Premises where Plaintiff worked as an independent contractor.

40.     That at the time of the incident and at all times alleged herein, Fairfield oversaw the work of contracted temporary employees such as Plaintiff and held a responsibility to maintain a reasonably safe working environment.

41.     That at the time of this incident, Fairfield, through its agents, servants, and employees:

   a.  Failed to adopt or implement policies, procedures, or standing orders to avoid injuries while loading or unloading tractor-trailers in the loading dock.

42.     In the alternative to and/or in addition to the allegations of paragraph 40, Fairfield:

   a.  Failed to notify its employees, agents, or contractors, of any policies, procedures, or standing orders to avoid injuries while loading or unloading tractor-trailers in the loading dock;

   b.  Failed to properly supervise its employees, agents, or contractors working on the loading dock;

   c.  Failed to properly train its employees, agents, or contractors regarding any policies, procedures, or standing orders set in place to avoid injuries while loading or unloading tractor-trailers in the loading dock;

   d.  Failed to notify Driver before he pulled away from the dock that Plaintiff was still inside the trailer; and

   e.  Failed to warn Plaintiff that Driver was pulling away from the dock.

7

43.     That such failures and omissions created a foreseeable likelihood of a harm or injury.

44.      That in so doing, Fairfield was thereby negligent.

45.     That as a direct and proximate result of such negligence, Plaintiff sustained the damages alleged above.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

**Respectfully Submitted,**

**THE CAGLE LAW FIRM**

By _____
**John S. Appelbaum Jr., MO#71766**
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-mail: john@caglellc.com
*Attorneys for Plaintiff*

8

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 2022-CC10591 |
| vs. | ) | |
| | ) | Division: |
| FAIRFIELD PROCESSING CORPORATION | ) | |
| Et. Al. | ) | |
| | ) | |
| Defendants. | ) | |

**RULE 67.02(a) DISMISSAL OF VENTURE EXPRESS INC. WITHOUT PREJUDICE**

COMES NOW Plaintiff by and through her attorneys of record and dismisses only Defendant Venture Express Inc., *without* prejudice pursuant to Rule 67.02(a). Said dismissal in no way impacts allegations against Venture Express LLC or Fairfield Processing.

**Respectfully Submitted,**

**THE CAGLE LAW FIRM, LLC**

By_____
**John S. Appelbaum Jr., MO #71766**
john@caglellc.com
500 North Broadway, Ste. 1605
St. Louis, MO  63102
Phone: (314) 241-1700
Fax: (314) 241-1738
*Attorneys for Plaintiff*

1

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No.: 2022-CC10591 |
| | ) | |
| FAIRFIELD PROCESSING | ) | |
| CORPORATION, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| and | ) | |
| | ) | |
| VENTURE EXPRESS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT FAIRFIELD PROCESSING CORPORATION'S
## ANSWER TO PLAINTIFF'S PETITION

COMES NOW Defendant Fairfield Processing Corporation ("Defendant"), by and through counsel, and for its Answer to Plaintiff's Petition, states as follows:

### FACTS COMMON TO ALL COUNTS

1.  Defendant is without sufficient information to admit or deny paragraph 1 of Plaintiff's Petition, and therefore denies same.

2.  Defendant admits it is a foreign corporation organized in the State of Connecticut with its principal place of business in the State of Connecticut.  Defendant denies the remaining allegation in paragraph 2 of Plaintiff's Petition.

3.  Defendant admits the allegations contained in paragraph 3 of Plaintiff's Petition.

4.  Defendant is without sufficient information to admit or deny paragraph 4 of Plaintiff's Petition, and therefore denies same.

5.  Defendant is without sufficient information to admit or deny paragraph 5 of Plaintiff's Petition, and therefore denies same.

6.  Defendant denies the allegations contained in paragraph 6 of Plaintiff's Petition.

7.   The allegations contained in paragraph 7 of Plaintiff's Petition are legal conclusions and require no response. To the extent a response is required, Defendant admits as a general matter that alleged acts or omissions of an officer or employee, made while acting in the scope of authority delegated by a corporation, or within the scope of duties of an employee, are generally considered the alleged acts or omissions of the corporation.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 7, and therefore denies same.

8.   The allegations contained in paragraph 8 of Plaintiff's Petition are legal conclusions and require no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations contained in paragraph 8, and therefore denies same.

9.   Defendant is without sufficient information to admit or deny paragraph 9 of Plaintiff's Petition, and therefore denies same.

10.   The allegations contained in paragraph 10 of Plaintiff's Petition are legal conclusions and require no response. To the extent a response is required, Defendant admits as a general matter that alleged acts or omissions of an officer or employee, made while acting in the scope of authority delegated by a corporation, or within the scope of duties of an employee, are generally considered the alleged acts or omissions of the corporation.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 10, and therefore denies same.

11.   The allegations contained in paragraph 11 of Plaintiff's Petition are legal conclusions and require no response. To the extent a response is required, Defendant admits as a general matter that alleged acts or omissions of an officer or employee, made while acting in the scope of authority delegated by a corporation, or within the scope of duties of an employee, are generally considered the alleged acts or omissions of the corporation.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 11, and therefore denies same.

2

12.   The allegations contained in paragraph 12 of Plaintiff's Petition are legal conclusions and require no response. To the extent a response is required, Defendant denies same.

13.   The allegations contained in paragraph 13 of Plaintiff's Petition are legal conclusions and require no response. To the extent a response is required, Defendant denies same.

14.   Defendant admits that on or about December 19, 2019, it leased and conducted business at 6432 Prescott Avenue, St. Louis, Missouri 63147 ("Premises"). Defendant denies the remaining allegations contained in Paragraph 14 of Plaintiff's Petition.

15.   Defendant admits that on or about December 18, 2019, Plaintiff was working on the Premises as an employee of ProLogistix upon information and belief.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 15, and therefore denies same.

16. Defendant is without sufficient information to admit or deny paragraph 16 of Plaintiff's Petition, and therefore denies same.

17. Defendant is without sufficient information to admit or deny paragraph 17 of Plaintiff's Petition, and therefore denies same.

18. Defendant is without sufficient information to admit or deny paragraph 18 of Plaintiff's Petition, and therefore denies same.

19. Defendant is without sufficient information to admit or deny paragraph 19 of Plaintiff's Petition, and therefore denies same.

20. Defendant is without sufficient information to admit or deny paragraph 20 of Plaintiff's Petition, and therefore denies same.

21. Defendant is without sufficient information to admit or deny paragraph 21 of Plaintiff's Petition, and therefore denies same.

22.  Defendant is without sufficient information to admit or deny paragraph 22 of Plaintiff's Petition, and therefore denies same.

23.  Defendant denies the allegations contained in paragraph 23 of Plaintiff's Petition.

24.  Defendant denies the allegations contained in paragraph 24 of Plaintiff's Petition.

25.  Defendant denies the allegations contained in paragraph 25 of Plaintiff's Petition.

26.  Defendant denies the allegations contained in paragraph 26 of Plaintiff's Petition.

27.  Defendant denies the allegations contained in paragraph 27 of Plaintiff's Petition.

28.  Defendant denies the allegations contained in paragraph 28 of Plaintiff's Petition.

29.  Defendant denies the allegations contained in paragraph 29 of Plaintiff's Petition.

30.  Defendant denies the allegations contained in paragraph 30 of Plaintiff's Petition.

31.  Defendant denies the allegations contained in paragraph 31 of Plaintiff's Petition.

32.  Defendant denies the allegations contained in paragraph 32 of Plaintiff's Petition.

33.  Defendant denies the allegations contained in paragraph 33 of Plaintiff's Petition.


## COUNT I
## NEGLIGENCE
## AGAINST DEFENDANT VENTURE EXPRESS, INC.

This Defendant makes no Answer to the allegations contained in Count I of Plaintiff's Petition for the reason that Count I is directed against Defendant Venture Express, Inc., against whom judgment is prayed and no judgment is prayed against this Defendant. However, should it be construed that any of the allegations in Count I are directed against this Defendant, then this Defendant denies each and every one of those allegations.

## COUNT II
## NEGLIGENCE
## AGAINST DEFENDANT FAIRFIELD PROCESSING

COMES NOW Defendant Fairfield Processing Corporation ("Defendant"), and for Count II of Plaintiff's Petition, hereby incorporates its responses to paragraphs 1-33 as if fully stated herein, and states as follows:

39.   Defendant admits that on or about December 18, 2019, it leased the Premises where Plaintiff was an employee of ProLogistix upon information and belief.  Defendant has insufficient information to admit or deny the remaining allegations contained in paragraph 39 of Plaintiff's Petition, and therefore denies same.

40.   Defendant admits that on or about December 18, 2019, Plaintiff was working on the Premises as an employee of ProLogistix upon information and belief.  The remaining allegations contained in paragraph 40 are legal conclusions and require no response. To the extent a response is required, Defendant admits its duties are determined by Missouri law.

41.   Defendant denies the allegations contained in paragraph 41 of Plaintiff's Petition, and all subparts thereto.

42.   Defendant denies the allegations contained in subparts a, b, and c of paragraph 42. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 42 of Plaintiff's Petition, including subparts d and e, and therefore denies same.

43.   Defendant denies the allegations contained in paragraph 43 of Plaintiff's Petition.

44.   Defendant denies the allegations contained in paragraph 44 of Plaintiff's Petition.

45.   Defendant denies the allegations contained in paragraph 45 of Plaintiff's Petition.

## AFFIRMATIVE DEFENSES

46.  For further Answer and affirmative defense, Defendant states that Plaintiff's Petition fails to state a claim.

47.  For further Answer and affirmative defense, Defendant states that whatever injuries were sustained by Plaintiff, if any, were the direct and proximate result of Plaintiff's carelessness, negligence, and/or comparative fault.

48.  For further Answer and affirmative defense, Defendant states that whatever injuries sustained by Plaintiff, if any, were caused by or contributed to be caused by other individuals or entities outside this Defendant's control.

49.  For further Answer and affirmative defense, Defendant states that pursuant to §490.715 R.S.Mo, effective August 28, 2017, Plaintiff is limited to introduce at trial only the evidence of the actual cost of medical care, which is defined as the sum of money not to exceed the dollar amounts paid by or on behalf of Plaintiff plus any remaining dollar amount necessary to satisfy the financial obligation for medical care by a health care provider after adjustments or contractual discounts, price reductions, or write-offs by any person or entity.

50.  For further Answer and affirmative defense, Defendant reserves the right to raise additional affirmative defenses as discovery progresses in this matter.

WHEREFORE, having fully answered and responded to Plaintiff's Petition, Defendant Fairfield Processing Corporation prays to be dismissed with its cost herein expended, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**BROWN & JAMES, P.C.**


/s/ *John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
**ATTORNEY FOR DEFENDANT**
**FAIRFIELD PROCESSING CORPORATION**


## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.


/s/ *John A. Mazzei*


JAM/llw
25653197.1

7

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,         )
                                     )
        Plaintiff,      )
                                     )
vs.                            )     Cause No.: 2022-CC10591
                                     )
FAIRFIELD PROCESSING    )
CORPORATION,          )
                                   )     **JURY TRIAL DEMANDED**
and                           )
                                   )
VENTURE EXPRESS, INC.,   )
                                   )
        Defendants.    )

## ENTRY OF APPEARANCE

COMES NOW John A. Mazzei, Brown & James, P.C., and hereby enters his appearance

on behalf of Defendant Fairfield Processing Corporation.


Respectfully submitted,

**BROWN & JAMES, P.C.**

*/s/ John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
**ATTORNEYS FOR DEFENDANT**
**FAIRFIELD PROCESSING CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ *John A. Mazzei*_____

JAM/llw
25650639.1



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2022-CC10591 | |
|---|---|---|
| | | Special Process Server 1 |
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S  APPELBAUM<br>105 FOREST GLADE | Special Process Server 2 |
| vs. | IMPERIAL, MO  63052 | Special Process Server 3 |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   **VENTURE EXPRESS LLC**
                  **Alias:**

**C/O DENNIS RWEIKIZA RAGT**
**10211 E COUNTYSIDE CIR**
**WICHITA, KS  67207**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**March 19, 2021**

_____
Date

_____
Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐ other: _____

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                 ☐ the judge of the court of which affiant is an officer.
                 ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                 ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| **Service Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| FONTANIA LAWRENCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Cause No.: 2022-CC10591 |
| | ) |
| FAIRFIELD PROCESSING | ) |
| CORPORATION, | ) |
| | ) |
| and | ) |
| | ) |
| VENTURE EXPRESS, INC., | ) |
| | ) |
| Defendants. | ) |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that Defendant Fairfield Processing Corporation served its

Objections to Plaintiff's First Interrogatories and Objections to Plaintiff's First Request for

Production of Documents via Electronic Mail to: **john@caglellc.com,** John S. Appelbaum, Jr.

The Cagle Law Firm, 500 North Broadway, Suite 1605, St. Louis, MO  63102 on this 2nd day of

April, 2021.


BROWN & JAMES, P.C.


*/s/ John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
Attorneys For Defendant,
Fairfield Processing Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ *John A. Mazzei*

JAM/llw
25650607.1

JAM/llw
25650607.1

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                    )
                                      )
            Plaintiff,                )
                                      )
vs.                                   )
                                      )   Cause No.: 2022-CC10591
                                      )
FAIRFIELD PROCESSING                  )
CORPORATION,                          )
                                      )
and                                   )
                                      )
VENTURE EXPRESS, INC.,                )
                                      )
            Defendants.               )

## CERTIFICATE OF SERVICE

The undersigned certifies that Defendant Fairfield Processing Corporation served its First

Interrogatories to Plaintiff and First Request for Production of Documents to Plaintiff in Word

Format via Electronic Mail to: **john@caglellc.com,** John S. Appelbaum, Jr., The Cagle Law Firm,

500 North Broadway, Suite 1605, St. Louis, MO  63102 on this 7th day of April, 2021.


                    BROWN & JAMES, P.C.


                    /s/ John A. Mazzei
                    John A. Mazzei, MO # 51398
                    jmazzei@bjpc.com
                    dbuchanan@bjpc.com
                    800 Market Street, Suite 1100
                    St. Louis, Missouri, 63101
                    (314) 421-3400
                    (314) 421-3128 (fax)
                    Attorneys For Defendant,
                    Fairfield Processing Corporation

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of April, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

*/s/ John A. Mazzei*

JAM/llw
25777953.1

JAM/llw
25650607.1

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                )
                                  )
            Plaintiff,            )
                                  )
vs.                               )
                                  )        Cause No.: 2022-CC10591
                                  )
FAIRFIELD PROCESSING              )
CORPORATION,                      )
                                  )        **JURY TRIAL DEMANDED**
and                               )
                                  )
VENTURE EXPRESS, LLC.,            )
                                  )
            Defendants.           )

## DEFENDANT FAIRFIELD PROCESSING CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW Defendant Fairfield Processing Corporation ("Defendant"), by and through counsel, and for its Answer to Plaintiff's First Amended Petition, states as follows:

### FACTS COMMON TO ALL COUNTS

1.  Defendant is without sufficient information to admit or deny paragraph 1 of Plaintiff's First Amended Petition, and therefore denies same.

2.  Defendant admits it is a foreign corporation organized in the State of Connecticut with its principal place of business in the State of Connecticut.  Defendant denies the remaining allegation in paragraph 2 of Plaintiff's First Amended Petition.

3.  Defendant admits the allegations contained in paragraph 3 of Plaintiff's First Amended Petition.

4.  Defendant is without sufficient information to admit or deny paragraph 4 of Plaintiff's First Amended Petition, and therefore denies same.

5.  Defendant is without sufficient information to admit or deny paragraph 5 of Plaintiff's First Amended Petition, and therefore denies same.

6.    Defendant admits that on or about December 19, 2019, it leased, operated, and conducted business at 6432 Prescott Avenue, St. Louis, Missouri 63147 ("Premises"), which contained a loading dock. Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's First Amended Petition.

7.  The allegations contained in paragraph 7 of Plaintiff's First Amended Petition are legal conclusions and require no response. To the extent a response is required, Defendant admits as a general matter that alleged acts or omissions of an officer or employee, made while acting in the scope of authority delegated by a corporation, or within the scope of duties of an employee, are generally considered the alleged acts or omissions of the corporation.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 7, and therefore denies same.

8.  The allegations contained in paragraph 8 of Plaintiff's First Amended Petition are legal conclusions and require no response. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations contained in paragraph 8, and therefore denies same.

9.  Defendant is without sufficient information to admit or deny paragraph 9 of Plaintiff's First Amended Petition, and therefore denies same.

10.    The allegations contained in paragraph 10 of Plaintiff's First Amended Petition are legal conclusions and require no response. To the extent a response is required, Defendant admits as a general matter that alleged acts or omissions of an officer or employee, made while acting in the scope of authority delegated by a corporation, or within the scope of duties of an employee, are generally considered the alleged acts or omissions of the corporation.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 10, and therefore denies same.

11.   The allegations contained in paragraph 11 of Plaintiff's First Amended Petition are legal conclusions and require no response. To the extent a response is required, Defendant admits as a general matter that alleged acts or omissions of an officer or employee, made while acting in the scope of authority delegated by a corporation, or within the scope of duties of an employee, are generally considered the alleged acts or omissions of the corporation.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 11, and therefore denies same.

12.   The allegations contained in paragraph 12 of Plaintiff's First Amended Petition are legal conclusions and require no response. To the extent a response is required, Defendant denies same.

13.   Defendant denies the allegations contained in paragraph 13 of Plaintiff's First Amended Petition.

14.   Defendant admits that on or about December 19, 2019, it leased and controlled the operation of its business at 6432 Prescott Avenue, St. Louis, Missouri 63147 ("Premises"). Defendant denies the remaining allegations contained in Paragraph 14 of Plaintiff's First Amended Petition.

15.   Defendant admits that on or about December 18, 2019, Plaintiff was working on the Premises as an employee of ProLogistix pursuant to a contract between Defendant and ProLogistix.   Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 15, and therefore denies same.

16.   Defendant is without sufficient information to admit or deny paragraph 16 of Plaintiff's First Amended Petition, and therefore denies same.

17.   Defendant is without sufficient information to admit or deny paragraph 17 of Plaintiff's First Amended Petition, and therefore denies same.

3

18. Defendant is without sufficient information to admit or deny paragraph 18 of Plaintiff's First Amended Petition, and therefore denies same.

19. Defendant is without sufficient information to admit or deny paragraph 19 of Plaintiff's First Amended Petition, and therefore denies same.

20. Defendant is without sufficient information to admit or deny paragraph 20 of Plaintiff's First Amended Petition, and therefore denies same.

21. Defendant is without sufficient information to admit or deny paragraph 21 of Plaintiff's First Amended Petition, and therefore denies same.

22. Defendant is without sufficient information to admit or deny paragraph 22 of Plaintiff's First Amended Petition, and therefore denies same.

23. Defendant denies the allegations contained in paragraph 23 of Plaintiff's First Amended Petition.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiff's First Amended Petition.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiff's First Amended Petition.

26. Defendant denies the allegations contained in paragraph 26 of Plaintiff's First Amended Petition.

27. Defendant denies the allegations contained in paragraph 27 of Plaintiff's First Amended Petition.

28. Defendant denies the allegations contained in paragraph 28 of Plaintiff's First Amended Petition.

29. Defendant denies the allegations contained in paragraph 29 of Plaintiff's First Amended Petition.

30. Defendant denies the allegations contained in paragraph 30 of Plaintiff's First Amended Petition.

31. Defendant denies the allegations contained in paragraph 31 of Plaintiff's First Amended Petition.

32. Defendant denies the allegations contained in paragraph 32 of Plaintiff's First Amended Petition.

33. Defendant denies the allegations contained in paragraph 33 of Plaintiff's First Amended Petition.

## COUNT I
## NEGLIGENCE
## AGAINST DEFENDANT VENTURE EXPRESS, INC.

This Defendant makes no Answer to the allegations contained in Count I of Plaintiff's First Amended Petition for the reason that Count I is directed against Defendant Venture Express, Inc., against whom judgment is prayed and no judgment is prayed against this Defendant. However, should it be construed that any of the allegations in Count I are directed against this Defendant, then this Defendant denies each and every one of those allegations.

## COUNT II
## NEGLIGENCE
## AGAINST DEFENDANT FAIRFIELD PROCESSING

COMES NOW Defendant Fairfield Processing Corporation ("Defendant"), and for Count II of Plaintiff's First Amended Petition, hereby incorporates its responses to paragraphs 1-33 as if fully stated herein, and states as follows:

39. Defendant admits that on or about December 18, 2019, it leased, possessed, and controlled the operation of its business at the Premises, where Plaintiff was an employee of ProLogistix pursuant to a contract between Defendant and ProLogistix. Defendant has insufficient

information to admit or deny the remaining allegations contained in paragraph 39 of Plaintiff's First Amended Petition, and therefore denies same.

40.   Defendant admits that on or about December 18, 2019, Plaintiff was working on the Premises as an employee of ProLogistix pursuant to a contract between Defendant and ProLogistix.   The remaining allegations contained in paragraph 40 are legal conclusions and require no response. To the extent a response is required, Defendant admits its duties are determined by Missouri law.

41.   Defendant denies the allegations contained in paragraph 41 of Plaintiff's First Amended Petition, and all subparts thereto.

42.   Defendant denies the allegations contained in subparts a, b, and c of paragraph 42. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 42 of Plaintiff's First Amended Petition, including subparts d and e, and therefore denies same.

43.   Defendant denies the allegations contained in paragraph 43 of Plaintiff's First Amended Petition.

44.   Defendant denies the allegations contained in paragraph 44 of Plaintiff's First Amended Petition.

45.   Defendant denies the allegations contained in paragraph 45 of Plaintiff's First Amended Petition.

## **AFFIRMATIVE DEFENSES**

46.   For further Answer and affirmative defense, Defendant states that Plaintiff's First Amended Petition fails to state a claim.

47.  For further Answer and affirmative defense, Defendant states that whatever injuries were sustained by Plaintiff, if any, were the direct and proximate result of Plaintiff's carelessness, negligence, and/or comparative fault.

48.  For further Answer and affirmative defense, Defendant states that whatever injuries sustained by Plaintiff, if any, were caused by or contributed to be caused by other individuals or entities outside this Defendant's control.

49.  For further Answer and affirmative defense, Defendant states that pursuant to §490.715 R.S.Mo, effective August 28, 2017, Plaintiff is limited to introduce at trial only the evidence of the actual cost of medical care, which is defined as the sum of money not to exceed the dollar amounts paid by or on behalf of Plaintiff plus any remaining dollar amount necessary to satisfy the financial obligation for medical care by a health care provider after adjustments or contractual discounts, price reductions, or write-offs by any person or entity.

50.  For further Answer and affirmative defense, Defendant states that Plaintiff's claims are barred by the exclusive provisions of the Workers' Compensation Statutes of the State of Missouri and, further, Plaintiff was a statutory employee of this Defendant at the time of the incident in accordance with the applicable statutes and case law that Plaintiff was on Defendant's premises for the purpose of performing duties and acts which would have been performed by Defendant's own employees if it had not been for a contract of services between Defendant and Plaintiff's employer and, therefore, Plaintiff's action is barred and the Court does not have subject matter jurisdiction over this action.

51.  For further Answer and affirmative defense, Defendant states that pursuant to §537.067 R.S.Mo (amended 2005), if Defendant is found to bear less than fifty-one percent (51%) of fault, then Defendant shall only be responsible for the percentage of the judgment for which Defendant

is determined to be responsible by the trier of fact, if any, and Defendant will not be liable for the fault of another Defendant or for payment of the proportionate share of another Defendant.

52.  For further Answer and affirmative defense, Defendant reserves the right to rely upon such other additional defenses as may become available or appear subsequently in this case, including during the course of discovery proceedings, and hereby reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, having fully answered and responded to Plaintiff's First Amended Petition, Defendant Fairfield Processing Corporation prays to be dismissed with its cost herein expended, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**BROWN & JAMES, P.C.**

/s/ *John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
**ATTORNEYS FOR DEFENDANT**
**FAIRFIELD PROCESSING CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ *John A. Mazzei*

JAM
25759195.1

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 2022-CC10591 |
| vs. | ) | |
| | ) | Division: |
| FAIRFIELD PROCESSING CORPORATION | ) | |
| | ) | **Plaintiff Demands Jury Tria** |
| | ) | **On All Counts** |
| | ) | |
| And | ) | |
| | ) | |
| VENTURE EXPRESS, INC. | ) | |
| Defendants. | ) | |

## **REQUEST FOR ALIAS SUMMONS**

COMES NOW Plaintiff Fontania Lawrence, by and through her attorneys of record, The Cagle Law Firm, and states the following requests an alias summons be issued on Defendant Venture Express, LLC. to Dennis Rweikiza Ragt at 10211 E. Countryside Cir. Wichita KS 67207.

Respectfully Submitted,

**THE CAGLE LAW FIRM, LLC**

By_____

**John S. Appelbaum Jr., MO #71766**
john@caglellc.com
500 North Broadway, Ste. 1605
St. Louis, MO  63102
Phone: (314) 241-1700
Fax: (314) 241-1738
*Attorneys for Plaintiff*

1



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number:  2022-CC10591 | |
|---|---|---|
| | | Special Process Server 1 |
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S  APPELBAUM<br>500 N BROADWAY<br>SUITE 1605 | Special Process Server 2 |
| vs. | ST. LOUIS, MO  63102 | Special Process Server 3 |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORPORATION | Court Address:<br>CIVIL COURTS BUILDING | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | 10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |

## Alias Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   VENTURE EXPRESS LLC
Alias:

C/O DENNIS RWEIKIZA RAGT
10211 E COUNTYSIDE CIR
WICHITA, KS  67207

**COURT SEAL OF**

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**April 26, 2021**

_____        _____
Date                                                          Clerk
Further Information:

### Officer's or Server's Affidavit of Service

I certify that:

1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)

☐   delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐   leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐   (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐   other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                          Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one)   ☐  the clerk of the court of which affiant is an officer.
☐  the judge of the court of which affiant is an officer.
*(Seal)*   ☐  authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐  authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| Total | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 2022-CC10591 |
| vs. | ) | |
| | ) | Division: |
| FAIRFIELD PROCESSING CORPORATION | ) | |
| | ) | |
| And | ) | |
| | ) | |
| VENTURE EXPRESS, LLC. | ) | |
| Defendants. | ) | |

**Certificate of Service**

I hereby certify that Copies of: (1) Plaintiff's Objections and Answers to Fairfield Processing's First Interrogatories; (2 Plaintiff's Objections and Answers to Fairfield Processing's Requests for Production; (3) Responsive documents in possession of Plaintiff's counsel; and (4) this Certificate of Service were sent via electronic mail to the attorney of record indicated below on the 5$^h$ day of May, 2021.

BROWN & JAMES, P.C.
John A. Mazzei,
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
*ATTORNEYS FOR DEFENDANT*
*FAIRFIELD PROCESSING CORPORATION*

Respectfully Submitted,
**THE CAGLE LAW FIRM**

By _____
**John S. Appelbaum Jr., MO#71766**
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-mail: john@caglellc.com
*Attorneys for Plaintiff*

Page 1 of 1

ctronically Filed - City of St. Louis - May 05, 2021 - 09:12 AM

# AFFIDAVIT OF SERVICE

State of Missouri                    County of Saint Louis (City)                    Circuit Court

Case Number: 2022-CC10591

Plaintiff/Petitioner:
**FONTANIA LAWRENCE**

vs.

Defendant/Respondent:
**FAIRFIELD PROCESSING CORPORATION, et al.**

Received by HPS Process Service & Investigations to be served on **Venture Express, LLC c/o Dennis Rweikiza Ragt, 10211 East Countryside Circle, Wichita, KS 67207.**

I, GRACE HAZELL, being duly sworn, depose and say that on the **27th day of April, 2021 at 4:45 pm, I:**

Served the within named establishment by delivering a true copy of **Alias Summons for Personal Service Outside the State of Missouri; and First Amended Petition to Dennis Rweikiza Ragt, Owner** at the address of 10211 **East Countryside Circle, Wichita, KS 67207.**

I am over the age of eighteen, and have no interest in the above action.

**GRACE HAZELL**
Process Server

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Subscribed and Sworn to before me on the ____ day
of _____, ____ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

Our Job Serial Number: HAT-2021009253

CHRISTINA WALLER
Notary Public - State of Kansas
My Appt. Expires April 23, 2022

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2a

## AFFIDAVIT OF SERVICE

State of Missouri                    County of Saint Louis (City)                    Circuit Court

Case Number: 2022-CC10591

Plaintiff/Petitioner:
**FONTANIA LAWRENCE**

vs.

Defendant/Respondent:
**FAIRFIELD PROCESSING CORPORATION, et al.**

Received by HPS Process Service & Investigations to be served on **Venture Express, LLC c/o Dennis Rweikiza Ragt, 10211 East Countryside Circle, Wichita, KS 67207.**

I, GRACE HAZELL, being duly sworn, depose and say that on the 27th day of **April, 2021 at 4:45 pm, I:**

Served the within named establishment by delivering a true copy of **Alias Summons for Personal Service Outside the State of Missouri; and First Amended Petition to Dennis Rweikiza Ragt, Owner** at the address of **10211 East Countryside Circle, Wichita, KS 67207.**

I am over the age of eighteen, and have no interest in the above action.

**GRACE HAZELL**
Process Server

Subscribed and Sworn to before me on the ___ day
of _____, _____ by the affiant who is
personally known to me.

_Christina Waller_
NOTARY PUBLIC

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2021009253

CHRISTINA WALLER
Notary Public - State of Kansas
My Appt. Expires April 23, 2022

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2a



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2022-CC10591 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>FONTANIA LAWRENCE | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN S APPELBAUM<br>500 N BROADWAY<br>SUITE 1605<br>vs.  ST. LOUIS, MO  63102 | Special Process Server 2<br><br>Special Process Server 3 |
| Defendant/Respondent:<br>FAIRFIELD PROCESSING CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

## Alias Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:    VENTURE EXPRESS LLC
                             Alias:

C/O DENNIS RWEIKIZA RAGT
10211 E COUNTYSIDE CIR
WICHITA, KS 67207

**COURT SEAL OF**

*(seal)* CIRCUIT COURT OF MISSOURI

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

April 26, 2021
_____          _____
Date                             Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is *Process Server* of *Sedgwick* County, *Kansas* (state).
3. I have served the above summons by:  (check one)
   - [X] delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   - [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - [X] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - [ ] other: _____

Served at *10211 E Countyside Cr. Wichita KS 67207* (address)
in *Sedgwick* County, *Kansas* (state), on *4-27th-21* (date) at *4:45p* (time).

*Grace Hazel*
_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn to before me this** *4th* (day) *May* (month) *2021* (year).

I am: (check one)
- [ ] the clerk of the court of which affiant is an officer.
- [ ] the judge of the court of which affiant is an officer.
- [ ] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- [ ] authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

CHRISTINA WALLER
Notary Public - State of Kansas
My Appt. Expires April 23, 2022

*Christina Waller*
_____
Signature and Title

| Service Fees | | | |
|---|---|---|---|
| Summons | $ | | |
| Non Est | $ | | |
| Mileage | $ | (_____ miles @ $ _____ per mile) | |
| Total | $ | | |

**See the following page for directions to officer making return on service of summons.**

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Cause No.: 2022-CC10591
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
FAIRFIELD PROCESSING⠀⠀⠀⠀)
CORPORATION,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
and⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
VENTURE EXPRESS, INC.,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Defendants.⠀⠀⠀)

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that Defendant Fairfield Processing Corporation served its First

Response to Plaintiff's First Request for Production of Documents via Electronic Mail to:

**john@caglellc.com,** John S. Appelbaum, Jr., The Cagle Law Firm, 500 North Broadway, Suite

1605, St. Louis, MO  63102 on this 25th day of June, 2021.


⠀⠀⠀⠀⠀⠀⠀⠀BROWN & JAMES, P.C.

⠀⠀⠀⠀⠀⠀⠀⠀*/s/ John A. Mazzei*⠀⠀⠀⠀⠀
⠀⠀⠀⠀⠀⠀⠀⠀John A. Mazzei, MO # 51398
⠀⠀⠀⠀⠀⠀⠀⠀jmazzei@bjpc.com
⠀⠀⠀⠀⠀⠀⠀⠀dbuchanan@bjpc.com
⠀⠀⠀⠀⠀⠀⠀⠀800 Market Street, Suite 1100
⠀⠀⠀⠀⠀⠀⠀⠀St. Louis, Missouri, 63101
⠀⠀⠀⠀⠀⠀⠀⠀(314) 421-3400
⠀⠀⠀⠀⠀⠀⠀⠀(314) 421-3128 (fax)
⠀⠀⠀⠀⠀⠀⠀⠀Attorneys For Defendant,
⠀⠀⠀⠀⠀⠀⠀⠀Fairfield Processing Corporation

## CERTIFICATE OF SERVICE

    I hereby certify that on this 25th day of June, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

                            */s/ John A. Mazzei*

JAM/llw
26141386.1

JAM/llw
25650607.1

2

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                    )
                                      )
            Plaintiff,                )
                                      )
vs.                                   )
                                      )         Cause No.: 2022-CC10591
                                      )
FAIRFIELD PROCESSING                  )
CORPORATION,                          )
                                      )
and                                   )
                                      )
VENTURE EXPRESS, INC.,                )
                                      )
            Defendants.               )

## **CERTIFICATE OF SERVICE**

The undersigned certifies that Defendant Fairfield Processing Corporation served its First

Supplemental Response to Plaintiff's First Request for Production of Documents via Electronic

Mail to: **john@caglellc.com,** John S. Appelbaum, Jr., The Cagle Law Firm, 500 North Broadway,

Suite 1605, St. Louis, MO  63102 on this 10th day of August, 2021.


                        BROWN & JAMES, P.C.

                        /s/ *John A. Mazzei*
                        John A. Mazzei, MO # 51398
                        jmazzei@bjpc.com
                        dbuchanan@bjpc.com
                        800 Market Street, Suite 1100
                        St. Louis, Missouri, 63101
                        (314) 421-3400
                        (314) 421-3128 (fax)
                        Attorneys For Defendant,
                        Fairfield Processing Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ John A. Mazzei

JAM/llw
26141386.1

JAM/llw
25650607.1

2

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No.: 2022-CC10591 |
| | ) | |
| FAIRFIELD PROCESSING | ) | Division 1 |
| CORPORATION, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| and | ) | |
| | ) | |
| VENTURE EXPRESS, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

Upon Defendant Fairfield Processing Corporation's Motion for Agreed Protective Order, the Court hereby enters this Protective Order regarding Confidential Information ("Protective Order") governing the disclosure during pretrial discovery and the subsequent handling of trade secret information, proprietary information, other confidential commercial, financial, or personal information, and documents containing any such information (hereinafter collectively referred to as "CONFIDENTIAL INFORMATION") as follows:

1.      **Initial Designation**.

1.1      **Produced Documents**.   A party producing documents that it believes constitute or contains CONFIDENTIAL INFORMATION shall produce copies bearing a label that contains (or includes) language substantially identical to the following:

### "CONFIDENTIAL"

This label shall be affixed in a manner that does not obliterate or obscure the contents of the copies.  As used herein, the term "documents"' includes all writings, other media on which

information is recorded, and other tangible things subject to production under Missouri Rule of Civil Procedure 58. Claims of confidentiality will be made only with respect to documents to which the asserting party has a good faith belief and are legally entitled to protection from discovery and disclosure under Missouri Rule of Civil Procedure 56.01(c) and applicable case law.

      **1.2**    **Interrogatory Answers**. If a party answering an Interrogatory believes that its Answer contains CONFIDENTIAL INFORMATION, it shall set forth its Answer in a separate document that is produced and designated as CONFIDENTIAL INFORMATION in the same manner as a produced document under subparagraph 1.1. The Answers to Interrogatories should make reference to the separately produced document containing the Answer, but such document should not be attached to the Interrogatories.

      **1.3**    **Inspection of Documents**. In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of CONFIDENTIAL INFORMATION need be made in advance of the inspection. For purposes of such inspection, all material produced shall be considered as CONFIDENTIAL INFORMATION. If the inspecting party selects specified documents to be copied, the producing party shall designate CONFIDENTIAL INFORMATION in accordance with subparagraph 1.1 at the time the copies are produced.

      **1.4**    **Deposition Transcripts**. After the receipt of a deposition transcript, a party may inform the other parties to the action of the portions of the transcript that it wishes to designate as CONFIDENTIAL INFORMATION. A deposition transcript in its entirety is to be considered as CONFIDENTIAL INFORMATION for twenty-one (21) days after receipt. If no designation is made within twenty-one (21) days of receipt, the deposition transcript shall not be considered as CONFIDENTIAL INFORMATION. All parties in possession of a copy of a

designated deposition transcript shall appropriately mark it as containing CONFIDENTIAL INFORMATION.

    **1.5**    **Multipage Documents**.    A party may designate all pages of an integrated multipage document, including a deposition transcript and Interrogatory Answers, as CONFIDENTIAL INFORMATION by placing the label specified in subparagraph 1.1 on the first page of the document.  If a party wishes to designate only certain portions of an integrated, multipage document as CONFIDENTIAL INFORMATION, it should designate such portions immediately below the label on the first page of the document and place the label specified in subparagraph 1.1 on each page of the document containing CONFIDENTIAL INFORMATION.

    **1.6**    **Objections to Designations**. Any party objecting to an initial designation of CONFIDENTIAL INFORMATION, including objections to portions of multipage documents, shall notify the designating party within twenty-one (21) days of the receipt of the designation. Any objection shall be made in good faith.  The objecting and the designating party shall promptly confer in an attempt to resolve their differences.  If the designating and objecting parties are unable to resolve their differences, the designating party shall have fourteen (14) days from the receipt of the objection to file with the Court a Motion for Protective Order.  All documents initially designated as CONFIDENTIAL INFORMATION shall continue to be subject to this Order unless and until the Court rules otherwise.  If a designating party elects not to make a Motion for Protective Order with respect to documents to which an objection has been made, it shall be deemed to have withdrawn its designation, and it shall produce copies of such documents without the CONFIDENTIAL INFORMATION designation if so requested.

    **2.**    **Custody.**    During the pendency of this litigation and for ninety (90) days after the conclusion of this litigation, all CONFIDENTIAL INFORMATION and any and all copies,

3

extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 4.1, or by the Judge and Jury.  Paragraph 6 addresses in more detail handling of CONFIDENTIAL INFORMATION after the conclusion of this litigation.

3.      **Handling Prior to Trial.**

    **3.1      Authorized Disclosures.**      CONFIDENTIAL INFORMATION shall be disclosed by the receiving party only to the following persons, either after having obtained a written acknowledgment from such person that he or she has been advised of the existence and terms of this Protective Order and agrees to be bound by it, or after having provided to such person written notice and instructions regarding the existence and terms of this Protective Order and receiving in return such person's agreement to be bound by it:

      a.      Counsel for the parties, including their associates, clerks, and secretarial and clerical personnel;

      b.      Qualified persons taking testimony involving such information, and necessary stenographic, videotape and clerical personnel;

      c.      Experts and their staff who are consulted by counsel for a party;

      d.      Parties to the litigation, including their employees; and

      e.      The Judge and his or her designated staff.

Such disclosures are authorized only to the extent necessary to prosecute or defend this litigation. Before disclosing CONFIDENTIAL INFORMATION to any authorized person who is a competitor (or an employee of a competitor) of the designating party, the party wishing to make such disclosure shall give at least fourteen (14) days' notice in writing to the designating party, stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents to be disclosed. If, within the 14-day period, a Motion is filed objecting to the proposed disclosure, disclosure is not authorized unless and until the Court orders otherwise.

**3.2     Unauthorized Disclosures**. If CONFIDENTIAL INFORMATION is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to obtain the return of the CONFIDENTIAL INFORMATION and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

**3.3     Court Filings.** In the event any CONFIDENTIAL INFORMATION must be filed with the Court prior to trial, it shall be filed in a sealed envelope at the expense of the filing party and marked on the outside with the title of this action, an identification of each document within and a statement substantially in the following form:

**SUBJECT TO PROTECTIVE ORDER – This envelope containing the above identified material filed by [name of party] is not to be opened nor the contents thereof be displayed or revealed except as provided for in the Protective Order or by Court Order, or by agreement of the parties.**

5

This provision is applicable to briefs, memoranda, and other filings that quote, summarize or describe CONFIDENTIAL INFORMATION.  This provision is not applicable to Pleadings as defined in Missouri Supreme Court Rule 55.01.

**4.      Handling During Trial**.      CONFIDENTIAL INFORMATION that is subject to this Order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the Trial Court upon application by the designating party.

**5.      Handling After Trial**.      Within 90 days of the conclusion of this litigation, the designating party may request that any or all CONFIDENTIAL INFORMATION be returned to the designating party.  After receiving a request to return, the receiving party, at its option, may destroy CONFIDENTIAL INFORMATION instead of returning it to the designating party, but must so notify the designating party.  The request for return shall specifically identify the documents or things to be returned if return of less than all CONFIDENTIAL INFORMATION is requested.  The attorney for the receiving party shall collect, assemble, and return within 60 days all such CONFIDENTIAL INFORMATION, including all copies, extracts, and summaries thereof in the possession of the receiving party, its counsel or other authorized recipients, but not including copies, extracts, or summaries that contain or constitute the attorney's work product.  If requested by the designating party within 90 days of the conclusion of the litigation, all copies, extracts or summaries that contain or constitute the attorney's work product shall be destroyed and the attorney for the receiving party shall certify in writing that all such copies, extracts, and summaries have been destroyed.  Receipt of returned CONFIDENTIAL INFORMATION shall be acknowledged in writing if such acknowledgment is requested.  Any CONFIDENTIAL

INFORMATION not timely requested to be returned or destroyed shall no longer be the subject of this protective order.

6.      **No Implied Waivers**. The entry of this Order shall not be interpreted as a waiver of the right to object, pursuant to the Missouri Rules of Civil Procedure, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents for facilities.   Neither the agreement to, or the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

SO ORDERED, this _____ day of _____, 2021.


By the Court:      _____
                                       JUDGE



JAM
26272091.1

7

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| FONTANIA LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No.: 2022-CC10591 |
| | ) | |
| FAIRFIELD PROCESSING | ) | Division 1 |
| CORPORATION, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| and | ) | |
| | ) | |
| VENTURE EXPRESS, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>DEFENDANT FAIRFIELD PROCESSING CORPORATION'S</u>
## <u>MOTION FOR AGREED PROTECTIVE ORDER</u>

COMEW NOW Defendant Fairfield Processing Corporation ("Defendant"), by and through counsel, and for its Motion for Agreed Protective Order, states as follows:

1.    This case arises from an alleged incident involving Plaintiff Fontania Lawrence, whom was allegedly injured on property leased by Defendant.

2.    Plaintiff has propounded Interrogatories and Requests for Production of Documents to Defendant in the above-captioned matter.

3.    Some of Plaintiff's Interrogatories and Requests for Production of Documents seek information that is confidential and proprietary to Defendant.

4.    Defendant has a legitimate business interest in protecting and safeguarding against the disclosure of such information to its commercial competitors.

5.    Based on the formal discovery propounded by Plaintiff to Defendant, and in consideration of additional future discovery likely to be sought from Defendant by Plaintiff,

Defendant requests the protection of a formal Protective Order to prevent the dissemination of such confidential and proprietary information to Defendant's commercial competitors.

6.     Plaintiff's counsel has no objection to the proposed Protective Order attached hereto as "Exhibit A".

WHEREFORE, Defendant Fairfield Processing Corporation prays the Court, for good cause shown and by agreement, enter the Protective Order attached hereto as "Exhibit A", and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**BROWN & JAMES, P.C.**

/s/ *John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
**ATTORNEYS FOR DEFENDANT**
**FAIRFIELD PROCESSING CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ *John A. Mazzei*

JAM
26272084.1

2

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

**FILED**

AUG 1 1 2021

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ *MS* _____ DEPUTY

| | |
|---|---|
| FONTANIA LAWRENCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| FAIRFIELD PROCESSING | ) |
| CORPORATION, | ) |
| | ) |
| and | ) |
| | ) |
| VENTURE EXPRESS, LLC., | ) |
| | ) |
| Defendants. | ) |

Cause No.: 2022-CC10591

Division 1

**JURY TRIAL DEMANDED**

**E N T E R E D**

AUG 1 1 2021

**M S**

## PROTECTIVE ORDER

Upon Defendant Fairfield Processing Corporation's Motion for Agreed Protective Order, the Court hereby enters this Protective Order regarding Confidential Information ("Protective Order") governing the disclosure during pretrial discovery and the subsequent handling of trade secret information, proprietary information, other confidential commercial, financial, or personal information, and documents containing any such information (hereinafter collectively referred to as "CONFIDENTIAL INFORMATION") as follows:

1.      **Initial Designation**.

1.1      **Produced Documents**.   A party producing documents that it believes constitute or contains CONFIDENTIAL INFORMATION shall produce copies bearing a label that contains (or includes) language substantially identical to the following:

**"CONFIDENTIAL"**

This label shall be affixed in a manner that does not obliterate or obscure the contents of the copies.  As used herein, the term "documents'" includes all writings, other media on which

information is recorded, and other tangible things subject to production under Missouri Rule of Civil Procedure 58. Claims of confidentiality will be made only with respect to documents to which the asserting party has a good faith belief and are legally entitled to protection from discovery and disclosure under Missouri Rule of Civil Procedure 56.01(c) and applicable case law.

      **1.2**    **Interrogatory Answers**. If a party answering an Interrogatory believes that its Answer contains CONFIDENTIAL INFORMATION, it shall set forth its Answer in a separate document that is produced and designated as CONFIDENTIAL INFORMATION in the same manner as a produced document under subparagraph 1.1. The Answers to Interrogatories should make reference to the separately produced document containing the Answer, but such document should not be attached to the Interrogatories.

      **1.3**    **Inspection of Documents**. In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of CONFIDENTIAL INFORMATION need be made in advance of the inspection. For purposes of such inspection, all material produced shall be considered as CONFIDENTIAL INFORMATION. If the inspecting party selects specified documents to be copied, the producing party shall designate CONFIDENTIAL INFORMATION in accordance with subparagraph 1.1 at the time the copies are produced.

      **1.4**    **Deposition Transcripts**. After the receipt of a deposition transcript, a party may inform the other parties to the action of the portions of the transcript that it wishes to designate as CONFIDENTIAL INFORMATION. A deposition transcript in its entirety is to be considered as CONFIDENTIAL INFORMATION for twenty-one (21) days after receipt. If no designation is made within twenty-one (21) days of receipt, the deposition transcript shall not be considered as CONFIDENTIAL INFORMATION. All parties in possession of a copy of a

designated deposition transcript shall appropriately mark it as containing CONFIDENTIAL INFORMATION.

      **1.5**    **Multipage Documents**.    A party may designate all pages of an integrated multipage document, including a deposition transcript and Interrogatory Answers, as CONFIDENTIAL INFORMATION by placing the label specified in subparagraph 1.1 on the first page of the document. If a party wishes to designate only certain portions of an integrated, multipage document as CONFIDENTIAL INFORMATION, it should designate such portions immediately below the label on the first page of the document and place the label specified in subparagraph 1.1 on each page of the document containing CONFIDENTIAL INFORMATION.

      **1.6**    **Objections to Designations**. Any party objecting to an initial designation of CONFIDENTIAL INFORMATION, including objections to portions of multipage documents, shall notify the designating party within twenty-one (21) days of the receipt of the designation. Any objection shall be made in good faith. The objecting and the designating party shall promptly confer in an attempt to resolve their differences. If the designating and objecting parties are unable to resolve their differences, the designating party shall have fourteen (14) days from the receipt of the objection to file with the Court a Motion for Protective Order. All documents initially designated as CONFIDENTIAL INFORMATION shall continue to be subject to this Order unless and until the Court rules otherwise. If a designating party elects not to make a Motion for Protective Order with respect to documents to which an objection has been made, it shall be deemed to have withdrawn its designation, and it shall produce copies of such documents without the CONFIDENTIAL INFORMATION designation if so requested.

      **2.**    **Custody.**    During the pendency of this litigation and for ninety (90) days after the conclusion of this litigation, all CONFIDENTIAL INFORMATION and any and all copies,

extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 4.1, or by the Judge and Jury.  Paragraph 6 addresses in more detail handling of CONFIDENTIAL INFORMATION after the conclusion of this litigation.

### 3.    Handling Prior to Trial.

**3.1    Authorized Disclosures.**    CONFIDENTIAL INFORMATION shall be disclosed by the receiving party only to the following persons, either after having obtained a written acknowledgment from such person that he or she has been advised of the existence and terms of this Protective Order and agrees to be bound by it, or after having provided to such person written notice and instructions regarding the existence and terms of this Protective Order and receiving in return such person's agreement to be bound by it:

a.    Counsel for the parties, including their associates, clerks, and secretarial and clerical personnel;

b.    Qualified persons taking testimony involving such information, and necessary stenographic, videotape and clerical personnel;

c.    Experts and their staff who are consulted by counsel for a party;

d.    Parties to the litigation, including their employees; and

e.    The Judge and his or her designated staff.

Such disclosures are authorized only to the extent necessary to prosecute or defend this litigation. Before disclosing CONFIDENTIAL INFORMATION to any authorized person who is a competitor (or an employee of a competitor) of the designating party, the party wishing to make such disclosure shall give at least fourteen (14) days' notice in writing to the designating party, stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents to be disclosed. If, within the 14-day period, a Motion is filed objecting to the proposed disclosure, disclosure is not authorized unless and until the Court orders otherwise.

**3.2     Unauthorized Disclosures**. If CONFIDENTIAL INFORMATION is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to obtain the return of the CONFIDENTIAL INFORMATION and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

**3.3     Court Filings.** In the event any CONFIDENTIAL INFORMATION must be filed with the Court prior to trial, it shall be filed in a sealed envelope at the expense of the filing party and marked on the outside with the title of this action, an identification of each document within and a statement substantially in the following form:

**SUBJECT TO PROTECTIVE ORDER – This envelope containing the above identified material filed by [name of party] is not to be opened nor the contents thereof be displayed or revealed except as provided for in the Protective Order or by Court Order, or by agreement of the parties.**

This provision is applicable to briefs, memoranda, and other filings that quote, summarize or describe CONFIDENTIAL INFORMATION.  This provision is not applicable to Pleadings as defined in Missouri Supreme Court Rule 55.01.

    **4.**    **Handling During Trial**.    CONFIDENTIAL INFORMATION that is subject to this Order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the Trial Court upon application by the designating party.

    **5.**    **Handling After Trial**.    Within 90 days of the conclusion of this litigation, the designating party may request that any or all CONFIDENTIAL INFORMATION be returned to the designating party.  After receiving a request to return, the receiving party, at its option, may destroy CONFIDENTIAL INFORMATION instead of returning it to the designating party, but must so notify the designating party.  The request for return shall specifically identify the documents or things to be returned if return of less than all CONFIDENTIAL INFORMATION is requested.  The attorney for the receiving party shall collect, assemble, and return within 60 days all such CONFIDENTIAL INFORMATION, including all copies, extracts, and summaries thereof in the possession of the receiving party, its counsel or other authorized recipients, but not including copies, extracts, or summaries that contain or constitute the attorney's work product.  If requested by the designating party within 90 days of the conclusion of the litigation, all copies, extracts or summaries that contain or constitute the attorney's work product shall be destroyed and the attorney for the receiving party shall certify in writing that all such copies, extracts, and summaries have been destroyed.  Receipt of returned CONFIDENTIAL INFORMATION shall be acknowledged in writing if such acknowledgment is requested.  Any CONFIDENTIAL

INFORMATION not timely requested to be returned or destroyed shall no longer be the subject of this protective order.

6.  **No Implied Waivers**. The entry of this Order shall not be interpreted as a waiver of the right to object, pursuant to the Missouri Rules of Civil Procedure, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents for facilities.  Neither the agreement to, or the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

SO ORDERED, this 11 day of August , 2021.

By the Court:  _____
JUDGE

JAM
26272091.1

7

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                       )
                                          )
              Plaintiff,                   )
                                          )
vs.                                       )
                                          )        Cause No.: 2022-CC10591
                                          )
FAIRFIELD PROCESSING                      )
CORPORATION,                              )
                                          )
and                                       )
                                          )
VENTURE EXPRESS, INC.,                    )
                                          )
              Defendants.                  )

### CERTIFICATE OF SERVICE

The undersigned certifies that Defendant Fairfield Processing Corporation served its Second Supplemental Response to Plaintiff's First Request for Production of Documents via Electronic Mail to: **john@caglellc.com**, John S. Appelbaum, Jr., The Cagle Law Firm, 500 North Broadway, Suite 1605, St. Louis, MO  63102 on this 25th day of August, 2021.

BROWN & JAMES, P.C.

*/s/ John A. Mazzei*
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
Attorneys For Defendant,
Fairfield Processing Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

*/s/ John A. Mazzei*

JAM/llw
26384653.1

JAM/llw
25650607.1

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,    )
            )
    Plaintiff,    )
            )
vs.          )
            )  Cause No.: 2022-CC10591
            )
FAIRFIELD PROCESSING   )
CORPORATION,     )
            )
and          )
            )
VENTURE EXPRESS, INC.,   )
            )
    Defendants.   )

## CERTIFICATE OF SERVICE

The undersigned certifies that Defendant Fairfield Processing Corporation served its Answers to Plaintiff's First Interrogatories via Electronic Mail to: **john@caglellc.com,** John S. Appelbaum, Jr., The Cagle Law Firm, 500 North Broadway, Suite 1605, St. Louis, MO  63102 on this 4th day of October, 2021.

BROWN & JAMES, P.C.

/s/ *John A. Mazzei*     
John A. Mazzei, MO # 51398
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
Attorneys For Defendant,
Fairfield Processing Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2021, the foregoing was electronically filed using the Missouri eFiling system, which will send notice of electronic filing to all registered attorneys of record. I further certify that pursuant to Rule 55.03(a), I signed the original of the foregoing and that the original signed copy is maintained at our office.

/s/ *John A. Mazzei*

JAM/llw
26568904.1

JAM/llw
25650607.1

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,                        )
                                          )
                        Plaintiff,        )      Cause No.: 2022-CC10591
vs.                                       )
                                          )      Division:
FAIRFIELD PROCESSING CORPORATION          )
                                          )
And                                       )
                                          )
VENTURE EXPRESS, LLC.                     )
                        Defendants.       )

### Certificate of Service

I hereby certify that Copies of: (1) Plaintiff's Supplemental Interrogatory to Fairfield Processing; and (2) this Certificate of Service were sent via electronic mail to the attorney of record indicated below on the 4th day of October 2021, in Microsoft Word and PDF Format.

BROWN & JAMES, P.C.
John A. Mazzei,
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
*ATTORNEYS FOR DEFENDANT*
*FAIRFIELD PROCESSING CORPORATION*

                          Respectfully Submitted,
                          **THE CAGLE LAW FIRM**

                          By _____
                          **John S. Appelbaum Jr., MO#71766**
                          500 North Broadway, Suite 1605
                          St. Louis, MO 63102
                          Phone: (314) 241-1700
                          Fax: (314) 241-1738
                          E-mail: john@caglellc.com
                          *Attorneys for Plaintiff*

Page 1 of 1

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

FONTANIA LAWRENCE,              )
                                     )
                  Plaintiff,    )    Cause No.: 2022-CC10591
vs.                               )
                                     )    Division:
FAIRFIELD PROCESSING CORPORATION   )
                                   )
And                                )
                                 )
VENTURE EXPRESS, LLC.         )
                Defendants.   )

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S ANSWERS TO DISCOVERY AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW, Fontania Lawrence ("Plaintiff"), by and through his attorneys The Cagle Law Firm, L.L.C. and for her Motion to Compel and Memorandum in Support of said Motion to Compel Defendant Brook Fairfield Processing Corp. ("Fairfield")'s Answers to Discovery pursuant to Missouri Supreme Court Rule 61, the Missouri Rules of Civil Procedure, and states as follows to the Court:

## INTRODUCTION

The instant case arises out of serious personal injuries sustained by Plaintiff resulting from a incident, on or about December 18-19, 2019, on the property of Fairfield. *See Plaintiff's Petition.* At said date and time, Plaintiff worked as a temporary employee retained to work on a loading bay on Fairfield's premises. *See Plaintiff's Petition.* As Plaintiff straddled the gap between a tractor-trailer to the loading bay in an attempt to remove a ramp connecting the two, the operator of said tractor-trailer, while distracted, unexpectedly pulled away. *Id.* The driver's actions forced Plaintiff to leap onto the bay, injuring her knee. *Id.*

1

Despite numerous attempts, including several informal and formal requests to Fairfield (*See Plaintiff's Exhibit No. 1, E-mail Communication Between Counsel; See Plaintiff's Exhibit No. 2, Plaintiff's Supplemental Interrogatory*), Plaintiff has been unable to determine the identity of the truck driver in question, or the motor carrier who employed him.

Plaintiff served Fairfield with her First Interrogatories and Requests for Production on March 18, 2021. *See Plaintiff's Exhibit No. 3, First Propounded Discovery to Fairfield.* Fairfield served Plaintiff with its objections to such discovery on April 6, 2021. *See Plaintiff's Exhibit No. 4, Fairfield's Objections to Plaintiff's Discovery.* The majority of these objections hold no basis under Missouri law. *Id.* After serving Fairfield's counsel with an attempt to resolve, on June 6, 2021, Fairfield provided only seven documents, including an incident report, a mere twelve words of which are not redacted, and a surveillance video depicting neither the incident in question or Plaintiff in any way. *Plaintiff's Exhibit No. 5, Fairfield's Supplemental Objections and Responses to Plaintiff's Discovery; Plaintiff's Exhibit No. 6, Fairfield's Redacted Incident Report.* Moreover, Fairfield has ignored Plaintiff's Supplemental Interrogatory No. 19, requesting the bill of lading which stands to establish the identity of the truck driver in question and his employer. Despite representing that further documentation and supplemental responses were forthcoming, Plaintiff has received no correspondence on this case in some sixty (60) days.

As such, Plaintiff would request this Court overrule Fairfield's improper objections and compel appropriate responses and production pursuant to the Missouri Supreme Court Rules.

## **RULE**

Under the explicit provisions of the Missouri Supreme Court Rules, "parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to

the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Mo. Sup. Ct. R. 56.01.

The Missouri rules of discovery allow parties to obtain information regarding any matter "relevant to the subject matter involved in the pending action" provided the matter is not privileged. Rule 56.01(b)(1); *See also State ex. rel. Laurie Dean v. The Honorable Jon A. Cunningham*, 182 S.W.3d 561 (Mo. 2006). Discovery serves to aid litigants in determining the facts and ascertaining all of the evidence with which to "develop their respective contentions and to present their respective sides of the issues framed by the pleadings." *State ex rel Martel v. Gallagher*, 797 S.W.2d 730, 731 (Mo. App. 1990). Missouri law grants discovery requests a broad scope or "a tendency towards liberality in discovery." *State ex rel. Solfa v. Ely,* 875 S.W.2d 5790, 581 (Mo. App. 1994). Evidence need only be reasonably calculated to lead to the discovery of admissible evidence to become discoverable. *In re Marriage of Hershewe,* 931 S.W.2d 198, 201 (Mo. App. 1996). This includes not only evidence as to plaintiff's claims, but also evidence and documents regarding the defenses of one's adversary. *Clark v. Faith Hospital Association*, 472 S.W.2d 375 (Mo. 1971). "[I]f this right of discovery is to have practical value, the party invoking it should not be held to too strict a showing as to the contents of records that [s]he has never seen." *State ex rel Iron Fireman Corp. v. Ward,* 173 S.W.2d 920, 923 (Mo. banc 1943). When applying these rules, a "trial court's discretion to deny discovery is commensurately more limited." *State ex rel Martel v. Gallagher* at 731.

## **ARGUMENT**

3

I. **Defendants Improperly Attempt to Shield Information Explicitly Contemplated by the Rules from Discovery.**

Defendants attempts to bar discovery of information specifically permitted under Rule 56.01. As stated above the Rules of the Missouri Supreme Court permit the discovery regarding:

> [A]ny matter, not privileged, that is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Moreover, Missouri Supreme Court Rule 57.01(a) provides that:

> [A]ny party may serve upon any other party written interrogatories. Interrogatories may relate to any matter that can be inquired into under Rule 56.01. An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pretrial conference or other later time.

Interrogatories Nos. 3-4, and Requests for Production 9 speak to claims Plaintiff has made against Fairfield and seek information related to the identity of potential witnesses and the substance of the knowledge they might have. *See Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5.* As such, the information requested therein is explicitly discoverable under Rule 56.01.

Furthermore, Plaintiff's Interrogatory No. 19, requests a bill of lading evidencing the identity of the carrier responsible for Plaintiff's injury. Such information is clearly contemplated by Rule 56.01, which renders discoverable the identity and location of persons having knowledge of any discoverable matter. Nevertheless, Defendant has failed to even provide a response to said request, leaving Plaintiff unable to prosecute her case.

Finally, Fairfield's objection to Interrogatory 16 and Request for Production Nos. 1 and 18-19, seeking any photographs, videotapes, or movies depicting the scene of the incident in

Fairfield's possession, falls flat under Missouri Supreme Court precedent. The Supreme Court in *State ex rel. McConaha v. Allen*, 979 S.W.2d 188, 189–90 (Mo. 1998) found that "[u]nder Rule 56.01(b)(3)(b) and this Court's decision in *Koehr*. . . surveillance videotape [are] statement[s] . . . discoverable without a showing of undue hardship. *Id.* As such, Plaintiff is categorically entitled to any evidence obtained via surveillance on behalf of Fairfield. Nevertheless, Fairfield has objected on the basis of work product privilege and produced subject to said objection, one surveillance video containing neither the scene of the incident nor Plaintiff.

### III. **Defendants Have Failed To Provide Sufficient Evidence To Bar Discovery Via The Work Product Doctrine or Any Other Privilege.**

A.        Defendants' Unsupported Claims of Privilege Are Improper Under Missouri Law.

Moreover, in response to Interrogatories Nos. 5, 15, 17, and 18 and Requests for Production Nos. 1, 2, 15, 16, 18, and 19 to Fairfield, it raises the potential of work product, insured-insurer, or attorney-client privilege. *See Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5*. However, such assertions are insufficient under Missouri law.

Claims of privilege or protection are considered impediments to discovery of the truth, deserving of careful scrutiny. *See State ex rel. Health Midwest Develop. Group, Inc. v. Daugherty*, 965 S.W.2d 841 (Mo. Banc 1998). Therefore, Defendant bears the burden of proving the applicability of any alleged exception to discovery. *State ex re. State Board of Pharmacy v. Otto*, 866 S.W.2d 480, 483 (Mo. App. W.D. 1993); *State ex rel. Dixon v. Darnold,* 939 S.W.2d 66, 70 (Mo. App. S.D. 1997). This burden includes a requirement that Defendants state with particularity the grounds for the objection and provide sufficiently specific facts to allow the Court to determine whether they have satisfied each and every element of the claimed privilege for every document or item they seek to withhold. *State ex rel. Dixon v. Darnold*, 939 S.W.2d

66, 70 (Mo. App. S.D. 1997); Mo. R. Civ. Pro. 55.26 (a). Failure to prove any element of the claimed protection causes the entire claim to fail. *Id.*

A blanket assertion of protection is insufficient as a matter of law. *Id.*; *State ex rel. Freidman v. Provaznik*, 668 S.W.2d 76 (Mo. banc. 1984). Moreover, Missouri Courts have rejected claims of attorney-client privilege that were "generic," "non-specific," "hypothetical," "blanket assertions," or where such claims applied to matters "*potentially* privileged," or which "*may* require ... disclosure" of privileged communications. *Id.* at 117-18 (emphasis added).

As such, Fairfield's assertions of several potential privileges, without any supporting evidence, fall well short of their burden of proof. Fairfield fails to explain with particularity why the proffered discovery stands to expose privileged or confidential information. *See Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5.* Put another way, Fairfield, attempts to usurp the authority of the Court, and unilaterally determine that privilege applies, that no exceptions to said privileges apply, and that they therefore need not produce whichever documents or information they so choose. Therefore, Plaintiff requests this Court to compel Fairfield's production of the requested information and documents.

B.    Defendants' Objections Fail to Properly Assert Work Product Privilege or Address the Potential Exception to It's Applicability.

Moreover, Fairfield improperly asserts the protection of work product doctrine to bar large swaths of Plaintiff's propounded discovery. *See Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5.* Interrogatories No. 5, 15, and 17 and Requests for Production Nos. 1, 2, 15, 16, 18, and 19 request information related to any incident report or investigation conducted related to the December 18, 2019 incident, copies of said reports, and any photographs or statements related thereto. *Id.*

Again, under Missouri Law, blanket assertions of privilege do not properly establish protection under work product doctrine. Instead, to assert this privilege, a party must "establish, via competent evidence, that the materials sought to be protected (1) are documents or tangible things, (2) were prepared in anticipation of litigation or trial, and (3) were prepared by or for a party or a representative of that party." *State ex rel. Ford Motor Co. v. Westbrooke*, 151 S.W3.d 364, 367 (Mo. banc 2004). Because any information related to these discovery requests would likely have preceded anticipation of litigation Fairfield may not properly assert work product protection.

Moreover, Plaintiff may discover statements, photographs, or other evidence obtained by the insurance company relating to the alleged incident not prepared in anticipation of litigation, but rather, in the ordinary course of business. *Ratcliff v. Sprint Missouri, Inc.*, 261 S.W.3d 534, 548 (Mo. Ct. App. W.D. 2008). As such, evidence prepared or collected in the ordinary course of business, and not as communications between the insurer and the insured, is not privileged. *Id.* Furthermore, as stated supra, any surveillance videos or photographs depicting Plaintiff are statements, discoverable without a showing of undue hardship. *Supra.*

As such, under Missouri Law, to assert work product protection, Fairfield must provide some competent evidence providing Plaintiff and the Court with some guidance as to whether such protection applies; these blanket assertions provide no such evidence. As such, Fairfield can not refute the possibility that the ordinary course of business exception to the insured insurer privilege, attorney-client privilege, or work product protection applies in this case. Fairfield has thus failed to carry their burden of proof and can not bar the propounded discovery via its unsupported assertions.

Therefore, Plaintiff requests this Court overrule said objections and compel Fairfield to provide appropriate responses to Plaintiff's requests.

### III.   Evidence That Fairfield or Its Agents, Employees, or Contractors Had Notice of The Dangerous Condition Is Admissible.

Fairfield makes further objections to Interrogatories Nos. 7, and 11, and Requests for Production Nos. 4, and 14, asserting that these requests exceed the scope of the Missouri Rules of Civil Procedure, are over broad, unduly burdensome, not appropriately limited, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. *See Exhibit 4; Exhibit 5.* Once again, when tested against Missouri Law, Fairfield's argument falls flat. The above listed Interrogatories and Requests for Production seek information related to prior incidents of accidents occurring under similar circumstances to that which cause Plaintiff's injury. *Exhibit 3.*

While "evidence of similar acts of negligence generally is not admissible to demonstrate that a party acted negligently at a subsequent incident", (*Lohmann v. Norfolk & Western Railway Company*, 948 S.W.2d 659, 671 (Mo.App. W.D.1997)), a defendant's knowledge of prior accidents, or information standing to show that defendant should have, using ordinary care, known of a dangerous condition is far from a novel concept in Missouri common law. *State ex rel. Stolfa v. Ely*, 875 S.W.2d 579, 581 (Mo. Ct. App. 1994). Furthermore, under Missouri Law, the question of whether a company has procedures or policies, but does not enforce them, that is unquestionably relevant. *See Ybarra v. Burlington Northern Inc.*, 689 F.2d 147, 150 (8th Cir. 1982). The same is true for violation of company standards, industry standards, or regulations and statutes. *Reed v. Missouri-Kansas-Texas Railroad Co.*, 239 S.W.2d 328 (Mo. 1951); *First National Bank of Fort Smith v. Kansas City Southern Railway Co.*, 865 S.W.2d 719 (Mo. App. W.D. 1993).

8

Therefore, Plaintiff's discovery requests relating directly to prior incidents relate directly to Fairfield's knowledge of the dangerous condition.

As such, once again, despite Fairfield's attempt to assume the role of finder of law, there remain circumstances where the information requested is, not only discoverable, but specifically admissible. Therefore, Plaintiff would request this Court overrule said objections, and compel proper responses.

**IV.    Evidence Of Fairfield's Policies And Procedures Tend To Prove The Elements Of Its Negligence and Are Therefore Discoverable.**

Defendant Investment further objects to Plaintiff's Interrogatories Nos. 12 and 18, and Requests for Production Nos. 12, 13, 20, 21, 22, and 23 seeking Fairfield's policies and procedures regarding the training it provided, or regulations or policies it adopted, stating that such requests are overbroad, vague, and ambiguous. *See Exhibit 4; Exhibit 5.*

Missouri recognizes not only the theory of vicarious liability of a corporation for the negligence of its employees, but also for its own. *Spence v. BNSF Railway Co.*, 2018 WL 3185473 (Mo. 2018).

Such evidence may tend to prove Fairfield's own negligence. Under Missouri Law, the question of whether a company has procedures or policies, but does not enforce them, that is unquestionably relevant. *See Ybarra v. Burlington Northern Inc.*, 689 F.2d 147, 150 (8th Cir. 1982). The same is true for violation of company standards, industry standards, or regulations and statutes. *Reed v. Missouri-Kansas-Texas Railroad Co.*, 239 S.W.2d 328 (Mo. 1951); *First National Bank of Fort Smith v. Kansas City Southern Railway Co.*, 865 S.W.2d 719 (Mo. App. W.D. 1993) (finding evidence that a company adopted rules or standards but failed to follow them in conscious (or flagrant) disregard for the public, presented a jury question as to punitive

damages). As such, evidence that Fairfield adopted certain policies and procedures, but failed to implement or enforce them is not only discoverable, but admissible to the jury.

As such, Plaintiff requests this Court overrule Fairfield's objections and compel their production of the relevant policies and procedures, and associated training manuals.

## CONCLUSION

Plaintiff served specific and directed discovery to Defendant based upon the elements of her asserted claims. This discovery sought material clearly relevant to each of these claims. Such documents would not only likely lead to the discovery of admissible evidence, but may in fact be admissible evidence. In response, Defendants have filed multiple blanket, general objections, with no foundation in Missouri law. As such, Plaintiff would ask the Court to enter its Order requiring full and complete answers to each of the Interrogatories and Requests identified above.

**WHEREFORE**, Plaintiff prays for this Court to overrule Defendants Ledbetter's and SWBT's Objections to Interrogatories and Request for Production of Documents, Order Defendants to answer and make all disclosures called for in Plaintiff's discovery within twenty (20) days without further objection and for any such other and further relief as this Court deems appropriate.

**Respectfully Submitted,**

**THE CAGLE LAW FIRM**

By: _____
**John S. Appelbaum Jr., MO #71766**
Zane T. Cagle, MO#53775
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-Mail: zane@caglellc.com
E-Mail: john@caglellc.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was sent via electronic mail and through this Court's Electronic Filing Service for service upon Counsel for Defendant at the address listed below on this the 8th day of December, 2021:

BROWN & JAMES, P.C.

John A. Mazzei,
jmazzei@bjpc.com
dbuchanan@bjpc.com
800 Market Street, Suite 1100
St. Louis, Missouri, 63101
(314) 421-3400
(314) 421-3128 (fax)
Attorneys For Defendant
Fairfield Processing Corporation

By: _____
John S. Appelbaum Jr., MO #71766

11