IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| FONTANIA LAWRENCE,<br><br>    Plaintiff<br><br>vs.<br><br>FAIRFIELD PROCESSING CORPORATION;<br><u>Serve Registered Agent</u>:<br>    Sanford D. Kaufman<br>    301 Main Street, Third Floor<br>    Danbury CT, 06810<br>&<br><br>VENTURE EXPRESS, INC.<br><u>Serve Registered Agent</u>:<br>    Shawn Applegate<br>    131 Industrial Blvd.<br>    La Vergne, TN 37086<br><br>    Defendants. | Cause No.:<br><br>**PLAINTIFF DEMANDS TRIAL**<br>**BY JURY ON ALL COUNTS** |

## PETITION

COMES NOW Plaintiff Fontania Lawrence ("Plaintiff") by and through by and through her attorneys of record and pursuant to the Missouri Supreme Court Rules and Rules of Civil Procedure, and for her Petition against Defendant Fairfield Processing Corporation ("Fairfield"), and Venture Ex ("Axiom Equities") and Defendant Venture Express, Inc. ("Venture"), and states to this Honorable Court as follows:

### FACTS COMMON TO ALL COUNTS

1. Plaintiff is an individual, citizen, and resident of Missouri.

2. Fairfield is a foreign corporation organized in the state of Connecticut and based upon information and belief Fairfield's principal place of business is in the State of Missouri.

1


EXHIBIT A

3. Fairfield may be served through its registered agent, Sanford D. Kaufman at 301 Main Street, Third Floor, Danbury CT, 06810.

4. Venture is a foreign corporation organized in the state of Tennessee with its principal place of business in the state of Tennessee.

5. Venture may be served through its registered agent, Shawn Applegate at 131 Industrial Blvd. La Vergne, TN 37086.

6. The incident alleged herein occurred on or about December 19, 2019 at between 1:00 p.m. and 2:00 p.m. in the loading dock of the premises owned and operated by Fairfield located at 6432 Prescott Avenue, St. Louis, Missouri ("Premises").

7. As a corporation, Fairfield acts through its officers, agents, servants, and/or employees. Thus, any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of Fairfield.

8. At all times herein mentioned and at the time of this crash, Fairfield was acting individually and through its agents, servants, and/or employees, whom were acting within the course and scope of their employment with Fairfield at the time of the incident alleged herein.

9. Venture is a corporation involved in interstate commerce, and did and does at all times alleged herein avail itself to the benefits of the State of Missouri's highways and roadways to conduct interstate commerce.

10. As a corporation Venture acts through its officers, agents, servants, and/or employees. Thus, any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of Venture.

11. At all times herein mentioned and at the time of this crash, Venture was acting individually and through its agent, servant, and/or employee, whom was acting within the course and scope of his employment with Venture at the time of the incident alleged herein.

12. Venue is proper with this Court pursuant to RSMo. § 508.010 since the negligent actions and omissions alleged herein occurred within St. Louis City, State of Missouri.

13. This Court has subject matter jurisdiction over this action since the incident alleged herein occurred in St. Louis City, State of Missouri.

14. On December 19, 2019, Fairfield owned or controlled the management of 6432 Prescott Ave.; St. Louis, Missouri 643147 ("Premises").

15. At all times alleged herein Plaintiff was working on said premises as an employee for ProLogistix.

16. At said date and time, Plaintiff was attempting to disconnect a ramp attaching a commercial vehicle owned by Venture from the loading dock attached to Premises.

17. As Plaintiff attempted to disconnect said ramp, she maintained one foot in the trailer attached to Venture's vehicle and the other on the dock.

18. As Plaintiff attempted to disconnect the ramp, the driver of said commercial vehicle, and employee of Venture, ("Driver") became distracted and failed to notice that the ramp remained attached and that Plaintiff was still partially inside the vehicle.

19. Driver then pulled away from said dock forcing Plaintiff to leap to safety to avoid falling into the gap between the truck and the dock.

20. No employee of Fairfield attempted to warn Driver that Plaintiff stood partially within the trailer.

21. At no point did any employee of Fairfield attempt to stop Driver from pulling away from the dock.

22. At no point before Driver pulled away did any employee of Fairfield attempt to warn Plaintiff of the movement of the tractor trailer and/or the hazardous condition being created.

23. As Plaintiff leaped from the truck to the dock, she landed hyperextending her left knee and pulling and tearing the ligaments and tendons attached thereto.

24. As a direct result of one or more of Defendants' failures Plaintiff sustained damages.

25. That as a direct and proximate result of Defendants' negligence alleged herein, Plaintiff, was caused to suffer serious, permanent, and disabling injuries to her left leg, knee, and the ligaments, muscles, and tendons attached thereto.

26. That as a direct and proximate result of the aforesaid negligent acts and omissions of the Defendants, Plaintiff has incurred past medical expenses in excess of $40,000.00.

27. Plaintiff will incur further medical expenses in the future.

28. That Plaintiff has been caused to suffer painful, permanent and disabling injuries to the aforementioned areas of her body and will continue to suffer from these painful, permanent and disabling injuries in the future as a result of the fall as alleged herein and will need to undergo medical treatment in the future.

29. That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff's activities and her enjoyment of life has been limited.

30. That as a direct and proximate cause of the aforesaid negligence of Defendants, Plaintiff required surgical intervention.

31. That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has incurred scarring and disfigurement.

32. That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has lost past wages.

33. That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff will suffer future loss of wages.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

## COUNT I
## NEGLIGENCE
## AGAINST DEFENDANTS VENTURE EXPRESS, INC.

COMES NOW Plaintiff, and for Count I of her Petition restates, realleges, and incorporates by reference Paragraphs 1-33 above and in addition thereto states to the Court as follows:

34. That the time of the incident and at all times alleged herein, Driver was acting in the course and scope of his employment with Venture. Thus, at the time of the crash alleged herein Driver was an agent, servant, and/or employee of Venture and as such, Venture is vicariously liable for the actions and omissions of Driver, its agent, servant, and/or employee.

35. At the time of this crash, Driver was an agent, servant and/or employee under the control, right of control, joint and mutual control, or joint and mutual right of control of Venture and as such all of the acts of negligence on his part were committed within the course and scope of his agency and employment with Venture.

36. At the time of the incident alleged herein, Venture, through its agents, servants, and employees including, but not limited to Driver were negligent, careless, and breached their duty of care to the general public and Plaintiff on the date alleged herein in one or more of the following respects:

    a. Failed to have the motor vehicle under proper control;

    b. Failed to keep a proper lookout and pay attention;

    c. Operated the tractor while distracted, tired or fatigued;

    d. Operated the tractor without adequate training, experience, or qualifications;

    e. Drove while under the influence of alcohol and/or drugs;

    f. Failing to exercise the highest degree of care under the circumstances.

37. Each of the negligent acts or omissions by Venture, as alleged herein was a direct and proximate cause of the incident and the resulting injuries and damages to Plaintiff.

38. The actions of Venture as alleged herein showed a complete indifference to or conscious disregard for the safety of Plaintiff and other human beings.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

## COUNT II
## NEGLIGENCE
## AGAINST DEFENDANTS FAIRFIELD PROCESSING.

COMES NOW Plaintiff, and for Count II of her Petition restates, realleges, and incorporates by reference Paragraphs 1-33 above and in addition thereto states to the Court as follows:

39. On February 17, 2019, Fairfield owned, controlled, or possessed Premises where Plaintiff worked as an independent contractor.

40. That at the time of the incident and at all times alleged herein, Fairfield oversaw the work of contracted temporary employees such as Plaintiff and held a responsibility to maintain a reasonably safe working environment.

41. That at the time of this incident, Fairfield, through its agents, servants, and employees:

   a. Failed to adopt or implement policies, procedures, or standing orders to avoid injuries while loading or unloading tractor-trailers in the loading dock.

42. In the alternative to and/or in addition to the allegations of paragraph 40, Fairfield:

   a. Failed to notify its employees, agents, or contractors, of any policies, procedures, or standing orders to avoid injuries while loading or unloading tractor-trailers in the loading dock;

   b. Failed to properly supervise its employees, agents, or contractors working on the loading dock;

   c. Failed to properly train its employees, agents, or contractors regarding any policies, procedures, or standing orders set in place to avoid injuries while loading or unloading tractor-trailers in the loading dock;

   d. Failed to notify Driver before he pulled away from the dock that Plaintiff was still inside the trailer; and

   e. Failed to warn Plaintiff that Driver was pulling away from the dock.

43. That such failures and omissions created a foreseeable likelihood of a harm or injury.

44. That in so doing, Fairfield was thereby negligent.

45. That as a direct and proximate result of such negligence, Plaintiff sustained the damages alleged above.

WHEREFORE Plaintiff prays for a judgment in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as determined fair and reasonable by a jury against Defendants jointly and severally, all interest allowed under Missouri law at the maximum amount, together with all taxable costs and for such other relief this Court deems just and proper under the circumstances.

**Respectfully Submitted,**

**THE CAGLE LAW FIRM**

**By** _____
**John S. Appelbaum Jr., MO#71766**
500 North Broadway, Suite 1605
St. Louis, MO 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-mail: john@caglellc.com
*Attorneys for Plaintiff*