UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FONTANIA LAWRENCE, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) Case No. 4:21-cv-01464-SRC |
| | ) |
| FAIRFIELD PROCESSING | ) |
| CORPORATION et al., | ) |
| | ) |
| Defendant(s) | ) |

**Memorandum and Order**

Issues regarding timeliness and the amount in controversy aside, Fairfield defectively removed this case because it failed to secure its fellow defendant's consent to removal. Moreover, Fairfield's argument that it need not have secured Venture Express, LLC's consent lacks merit because Venture Express, LLC is not a mere nominal party to the suit. Accordingly, the Court remands this case to the state court.

**I.      Background**

Over a year ago, Lawrence filed this lawsuit in state court. Doc. 4. In her original complaint,[1] she claimed that the negligence of Fairfield and Venture Express, Inc. caused her to suffer injuries while she worked on a loading dock. *Id.* While still in state court, Lawrence dismissed Venture Express, Inc., Doc. 9, and named Venture Express, LLC as a defendant instead, Doc. 6. Lawrence served Venture Express, LLC with her amended complaint on April 27, 2021. Doc. 1-1 at pp. 70–72. After that, and mere days before the expiration of the one-year

---

[1] A "petition" in Missouri state court serves as the analogue of a federal "complaint," and the Court uses the latter term.

removal deadline, *see* 28 U.S.C. § 1446(c), Fairfield removed Lawrence's suit to this Court, Doc. 1.  After the Court ordered Fairfield to come forward with evidence proving its amount-in-controversy allegation, Doc. 11, Lawrence moved for remand on several bases:  that Fairfield failed to obtain its co-defendant's consent to removal, that Fairfield untimely removed the case, and that Fairfield fails to prove an amount in controversy greater than $75,000.  Doc. 13.

**II.     Standard**

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction.  28 U.S.C. § 1441(a).  Among several prerequisites for removal, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A); *see* § 1441(a).  All doubts as to the propriety of exercising federal jurisdiction over a removed case must be resolved in favor of remand to state court.  *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

**III.    Discussion**

While Lawrence has made several arguments in support of her motion, her first argument alone, that Fairfield failed to obtain the consent of its co-defendant for removal, justifies remand. "Where there are multiple defendants, all must join in a [notice] to remove within thirty days of service." *Christiansen v. West Branch Community Sch. Dist.*, 674 F.3d 927, 932 (8th Cir. 2012) (second alteration in original) (quoting *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002)); *see* 28 U.S.C. 1446(b)(2)(A).  Here, the parties agree that defendant Venture Express, LLC has not indicated, in any form, its consent to the removal of this case.  Doc. 14 at p. 4; Doc. 15 at p. 5.  The parties also do not dispute that Lawrence properly served Venture

2

Express, LLC with the operative, amended state-court complaint.  Doc. 1 at ¶ 7; Doc. 1-1 at pp. 70–72.

Fairfield argues—citing only out-of-circuit cases—that it did not need to secure Venture Express, LLC's consent because Venture Express, LLC is merely a "nominal" defendant.  Doc. 15 at p. 5; *see, e.g.*, *Hartford Fire. Ins. Co. v. Harleyville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013).  Indeed, the Eighth Circuit has held that "nominal defendants, those against whom no real relief is sought," need not consent to removal.  *Thorn*, 305 F.3d at 833 (internal quotation marks omitted).  Fairfield argues that Venture Express, LLC is a nominal party because Lawrence, when she filed her amended complaint, only replaced Venture Express, Inc. in the caption at the top of the first page of the complaint and failed to make the same substitution on page 5 which still names Venture Express, Inc. as the defendant against whom Lawrence brings count 1.  *Compare* Doc. 6 at p. 1 *with* p. 5.  Thus, says Fairfield, Lawrence seeks no relief against Venture Express, LLC and it is merely a nominal party.  Doc. 15 at p. 5.

This argument lacks merit.  Lawrence substituted Venture Express, LLC for Venture Express, Inc. in her amended complaint, voluntarily dismissed Venture Express, Inc., and properly served Venture Express, LLC with the amended complaint.  Moreover, Lawrence named Venture Express, LLC as a defendant in the caption of the amended complaint.  Venture Express, LLC does not become a nominal party as the result of a typographical error.

In her reply, Lawrence confirmed that she alleges "vicarious and direct negligence" against "Venture Express LLC."  Doc. 16 at p. 3.  Put plainly, Lawrence's amended complaint seeks "real relief," *Thorn*, 305 F.3d at 833, against Venture Express, LLC, and section 1446 required Fairfield to secure Venture Express, LLC's consent to removal, *see Augustine v. Target Corp.*, 259 F. Supp. 2d 919, 922 (E.D. Mo. 2003) ("Moreover, [defendant] Leboyd is not a

'nominal party,' as he would be affected by an adverse judgment on the merits." (citing *Thorn*, 305 F.3d at 833)). The Court rejects Fairfield's contrary assertion.

## IV.    Conclusion

Because Fairfield failed to secure its fellow defendant's consent to removal, the Court grants Lawrence's [12] motion, remands this case to the St. Louis City Circuit Court, and, pursuant to 28 U.S.C. § 1447(c), orders the Clerk of Court to mail a certified copy of this order of remand to the clerk of the state court.

So Ordered this 31st day of January 2022.

*SL R. CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE